# EXHIBIT 19

US1DOCS 7784863v1

Trials@uspto.gov                                                                                                              Paper 22
571-272-7822                                                                                              Entered:  May 17, 2013


UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____


EMC CORPORATION AND VMWARE, INC.
Petitioner

v.

PERSONALWEB TECHNOLOGIES LLC
Patent Owner
_____

Case IPR2013-00082 (JYC)
U.S. Patent No. 5,978,791
_____


Before KEVIN F. TURNER, JONI Y. CHANG, and
MICHAEL R. ZECHER, *Administrative Patent Judges*.

CHANG, *Administrative Patent Judge*


SCHEDULING ORDER

A.  DUE DATES

    This order sets due dates for the parties to take action in this trial.
The parties may stipulate to different dates for DUE DATES 1 through 3 (earlier or
later, but no later than DUE DATE 4).  A notice of the stipulation, specifically

Case IPR2013-00082
U.S. Patent No. 5,978,791

identifying the changed due dates, must be promptly filed. The parties may not stipulate to an extension of DUE DATES 4-7.

In stipulating to different times, the parties should consider the effect of the stipulation on times to object to evidence (37 C.F.R. § 42.64(b)(1)), to supplement evidence (37 C.F.R. § 42.64(b)(2)), to conduct cross-examination (37 C.F.R. § 42.53(d)(2)), and to draft papers depending on the evidence and cross-examination testimony (*see* Section B).

The parties are reminded that the Testimony Guidelines appended to the *Office Patent Trial Practice Guide*, 77 *Fed. Reg.* 48756, 48772 (Aug. 14, 2012) (Appendix D), apply to this trial. The Board may impose an appropriate sanction for failure to adhere to the Testimony Guidelines. 37 C.F.R. § 42.12. For example, reasonable expenses and attorneys' fees incurred by any party may be levied on a person who impedes, delays, or frustrates the fair examination of a witness.

1. DUE DATE 1

The patent owner may file—
    a. A response to the petition (37 C.F.R. § 42.120), and
    b. A motion to amend the patent (37 C.F.R. § 42.121).

The patent owner must file any such response or motion to amend by DUE DATE 1. If the patent owner elects not to file anything, the patent owner must arrange a conference call with the parties and the Board. The patent owner is cautioned that any arguments for patentability not raised and fully briefed in the response will be deemed waived.

2

Case IPR2013-00082
U.S. Patent No. 5,978,791

2. DUE DATE 2

The petitioner must file any reply to the patent owner's response and opposition to the motion to amend by DUE DATE 2.

3. DUE DATE 3

The patent owner must file any reply to the petitioner's opposition to the patent owner's motion to amend by DUE DATE 3.

4. DUE DATE 4

a. The petitioner must file any motion for an observation on the cross-examination testimony of a reply witness (*see* Section C) by DUE DATE 4.

b. Each party must file any motion to exclude evidence (37 C.F.R § 42.64(c)) and any request for oral argument (37 C.F.R. § 42.70(a)) by DUE DATE 4.

5. DUE DATE 5

a. The patent owner must file any reply to a petitioner observation on cross-examination testimony by DUE DATE 5.

b. Each party must file any opposition to a motion to exclude evidence by DUE DATE 5.

6. DUE DATE 6

Each party must file any reply for a motion to exclude evidence by DUE DATE 6.

3

Case IPR2013-00082
U.S. Patent No. 5,978,791

7. DUE DATE 7

The oral argument (if requested by either party) is set for DUE DATE 7.

B. CROSS-EXAMINATION

Except as the parties might otherwise agree, for each due date—

1. Cross-examination begins after any supplemental evidence is due. 37 C.F.R. §§ 42.53(d)(2).

2. Cross-examination ends no later than a week before the filing date for any paper in which the cross-examination testimony is expected to be used. *Id*.

C. MOTION FOR OBSERVATION ON CROSS-EXAMINATION

A motion for observation on cross-examination provides the petitioner with a mechanism to draw the Board's attention to relevant cross-examination testimony of a reply witness, since no further substantive paper is permitted after the reply. *See Office Patent Trial Practice Guide*, 77 *Fed. Reg.* at 48768. The observation must be a concise statement of the relevance of precisely identified testimony to a precisely identified argument or portion of an exhibit. Each observation should not exceed a single, short paragraph. The patent owner may respond to the observation. Any response must be equally concise and specific.

Case IPR2013-00082
U.S. Patent No. 5,978,791

**DUE DATE APPENDIX**

**DUE DATE 1……….…………………………….……... July 17, 2013**

    Patent owner's response to the petition

    Patent owner's motion to amend the patent

**DUE DATE 2………………………………….……..… September 17, 2013**

    Petitioner's reply to patent owner response to petition

    Petitioner's opposition to motion to amend

**DUE DATE 3………………………..……................... October 17, 2013**

    Patent owner's reply to petitioner opposition to motion to amend

**DUE DATE 4……………………..………………..…...... November 7, 2013**

    Petitioner's motion for observation regarding cross-examination of reply witness

    Motion to exclude evidence

    Request for oral argument

**DUE DATE 5……………...…………………………….… November 21, 2013**

    Patent owner's response to observation

    Opposition to motion to exclude

**DUE DATE 6………………………………......…..….…… November 27, 2013**

    Reply to opposition to motion to exclude

**DUE DATE 7…………………………………………… December 16, 2013**

    Oral argument (if requested)

5

Case IPR2013-00082
U.S. Patent No. 5,978,791

For PETITIONER:

Peter Dichiara
David L. Cavanaugh
WILMER CUTLER PICKERING HALE AND DORR LLP
Peter.Dichiara@wilmerhale.com
David.Cavanaugh@wilmerhale.com


For PATENT OWNER

Joseph A. Rhoa
Updeep S. Gill
NIXON & VANDERHYE P.C.
jar@nixonvan.com
usg@nixonvan.com