# EXHIBIT 23

Trials@uspto.gov                                                       Paper 15
571-272-7822                                              Entered:  May 17, 2013

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

EMC CORPORATION AND VMWARE, INC.
Petitioner

v.

PERSONALWEB TECHNOLOGIES, LLC
Patent Owner
_____

Case IPR2013-00086 (JYC)
U.S. Patent No. 7,949,662 B2
_____

Before KEVIN F. TURNER, JONI Y. CHANG, and
MICHAEL R. ZECHER, *Administrative Patent Judges*.

CHANG, *Administrative Patent Judge*

SCHEDULING ORDER

A.  DUE DATES

This order sets due dates for the parties to take action in this trial.
The parties may stipulate to different dates for DUE DATES 1 through 3 (earlier or
later, but no later than DUE DATE 4).   A notice of the stipulation, specifically

Case IPR2013-00086
U.S. Patent No. 7,949,662 B2

identifying the changed due dates, must be promptly filed.  The parties may not stipulate to an extension of DUE DATES 4-7.

In stipulating to different times, the parties should consider the effect of the stipulation on times to object to evidence (37 C.F.R. § 42.64(b)(1)), to supplement evidence (37 C.F.R. § 42.64(b)(2)), to conduct cross-examination (37 C.F.R. § 42.53(d)(2)), and to draft papers depending on the evidence and cross-examination testimony (*see* Section B).

The parties are reminded that the Testimony Guidelines appended to the *Office Patent Trial Practice Guide*, 77 *Fed. Reg.* 48756, 48772 (Aug. 14, 2012) (Appendix D), apply to this trial.  The Board may impose an appropriate sanction for failure to adhere to the Testimony Guidelines.  37 C.F.R. § 42.12.  For example, reasonable expenses and attorneys' fees incurred by any party may be levied on a person who impedes, delays, or frustrates the fair examination of a witness.

1.  DUE DATE 1

The patent owner may file—

      a. A response to the petition (37 C.F.R. § 42.120), and

      b. A motion to amend the patent (37 C.F.R. § 42.121).

The patent owner must file any such response or motion to amend by DUE DATE 1.  If the patent owner elects not to file anything, the patent owner must arrange a conference call with the parties and the Board.  The patent owner is cautioned that any arguments for patentability not raised and fully briefed in the response will be deemed waived.

Case IPR2013-00086
U.S. Patent No. 7,949,662 B2

## 2.  DUE DATE 2

The petitioner must file any reply to the patent owner's response and opposition to the motion to amend by DUE DATE 2.

## 3.  DUE DATE 3

The patent owner must file any reply to the petitioner's opposition to the patent owner's motion to amend by DUE DATE 3.

## 4.  DUE DATE 4

a. The petitioner must file any motion for an observation on the cross-examination testimony of a reply witness (*see* Section C) by DUE DATE 4.

b. Each party must file any motion to exclude evidence (37 C.F.R § 42.64(c)) and any request for oral argument (37 C.F.R. § 42.70(a)) by DUE DATE 4.

## 5.  DUE DATE 5

a. The patent owner must file any reply to a petitioner observation on cross-examination testimony by DUE DATE 5.

b. Each party must file any opposition to a motion to exclude evidence by DUE DATE 5.

## 6.  DUE DATE 6

Each party must file any reply for a motion to exclude evidence by DUE DATE 6.

3

Case IPR2013-00086
U.S. Patent No. 7,949,662 B2

7. DUE DATE 7

The oral argument (if requested by either party) is set for DUE DATE 7.

B.  CROSS-EXAMINATION

Except as the parties might otherwise agree, for each due date—

1.  Cross-examination begins after any supplemental evidence is due.
37 C.F.R. §§ 42.53(d)(2).

2.  Cross-examination ends no later than a week before the filing date for
any paper in which the cross-examination testimony is expected to be used.  *Id*.

C.  MOTION FOR OBSERVATION ON CROSS-EXAMINATION

A motion for observation on cross-examination provides the petitioner with
a mechanism to draw the Board's attention to relevant cross-examination
testimony of a reply witness, since no further substantive paper is permitted after
the reply.  *See Office Patent Trial Practice Guide*, 77 *Fed. Reg.* at 48768.  The
observation must be a concise statement of the relevance of precisely identified
testimony to a precisely identified argument or portion of an exhibit.  Each
observation should not exceed a single, short paragraph.  The patent owner may
respond to the observation.  Any response must be equally concise and specific.

Case IPR2013-00086
U.S. Patent No. 7,949,662 B2

**DUE DATE APPENDIX**

**DUE DATE 1**……………………………………………..……... **July 17, 2013**

    Patent owner's response to the petition

    Patent owner's motion to amend the patent

**DUE DATE 2**……………………………………..……..… **September 17, 2013**

    Petitioner's reply to patent owner response to petition

    Petitioner's opposition to motion to amend

**DUE DATE 3**………………………………..……….................. **October 17, 2013**

    Patent owner's reply to petitioner opposition to motion to amend

**DUE DATE 4**………………………..…………………..…..... **November 7, 2013**

    Petitioner's motion for observation regarding cross-examination of reply witness

    Motion to exclude evidence

    Request for oral argument

**DUE DATE 5**………………...……………………………..… **November 21, 2013**

    Patent owner's response to observation

    Opposition to motion to exclude

**DUE DATE 6**……………………………….......…..…..…… **November 27, 2013**

    Reply to opposition to motion to exclude

**DUE DATE 7**………………………………………………… **December 16, 2013**

    Oral argument (if requested)

Case IPR2013-00086
U.S. Patent No. 7,949,662 B2

For PETITIONER:

Peter Dichiara
David L. Cavanaugh
WILMER CUTLER PICKERING HALE AND DORR LLP
Peter.Dichiara@wilmerhale.com
David.Cavanaugh@wilmerhale.com

For PATENT OWNER:

Joseph A. Rhoa
Updeep S. Gill
NIXON & VANDERHYE P.C.
jar@nixonvan.com
usg@nixonvan.com