# EXHIBIT 25

US1DOCS 7784863v1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1661-JST (JPRx)                                             Date:  May 22, 2013
Title:  Autoalert, Inc. v. Dominion Dealer Solutions, LLC, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                             N/A
    Deputy Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                               Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO STAY THE CASE (Doc. 23)**

### I.  Introduction

Before the Court is a Motion to Stay this case pending the outcome of *inter partes* review of Plaintiff Autoalert's patents-in-suit by the United States Patent and Trademark Office ("USPTO").  (Mot., Doc. 23.)  The Motion was filed by Defendants Dominion Dealer Solutions, LLC ("Dominion"), Autobase, Inc., and 110 Reynolds, LLC (collectively "Defendants").  Plaintiff opposed, and Defendants have replied.  (Opp'n, Doc. 28; Reply, Doc. 40.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for May 31, 2013, at 2:30 p.m. is VACATED.  For the reasons discussed below, the Court GRANTS Defendants' Motion to Stay the Case.

### II. Background

Autoalert filed this action on October 1, 2012, against Defendants, asserting claims for infringement of four patents: (1) United States Patent No. 7,827,099 ("the '099 patent"); (2) United States Patent No. 8,005,752 ("the '752 patent"); (3) United States Patent No. 8,086,529 ("the '529 patent"); and (4) United States Patent No. 8,095,461 ("the '461 patent").  (Compl., Doc. 1.)  Plaintiff did not serve the Complaint on Defendants until January 18, 2013, more than three months after filing the Complaint.  (Docs. 6-9.)  Defendants answered the Complaint on February 7, 2013, and Dominion

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-1661-JST (JPRx)                          Date:  May 22, 2013

Title:  Autoalert, Inc. v. Dominion Dealer Solutions, LLC, et al.

___

filed counterclaims on February 8, 2013, for a declaratory judgment of invalidity and non-infringement of Plaintiff's patents.  (Docs. 10, 13.)

On March 21, 2013, Plaintiff filed a Motion for Leave to File a First Amended Complaint, which the Court granted on April 22, 2013.  (Docs. 21, 32.)  Plaintiff thereafter filed a First Amended Complaint ("FAC"), asserting infringement of a fifth patent, United States Patent No. 8,396,791 ("the '791 patent").  (FAC, Doc. 35.)  Dominion then filed five separate petitions for *inter partes* review ("IPR") for each of the five patents-in-suit on March 28, 2013.  Each petition seeks cancellation of all claims of the particular patent on multiple grounds and Defendants claim that "all [five patents] share a common specification, and thus, issues of their scope and validity are likely to overlap."  (Mot. at 3.)

### III.    Legal Standard

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art," 35 U.S.C. § 302, and "[a] petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications."  35 U.S.C. § 311(b).  A district court has the discretion to stay judicial proceedings pending reexamination of a patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  Courts consider three factors in determining whether to grant a stay pending reexamination[1]: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).  There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of

___

[1] Effective September 16, 2012, the Leahy-Smith America Invents Act amended the *inter partes* reexamination process and renamed it the *inter partes* review process.  Pub. L. No. 112-29, § 314(a), 125 Stat. 284 (2011).  The Court sees no reason why the three factor assessment would not still be relevant.

___

CIVIL MINUTES – GENERAL                                 2

___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 12-1661-JST (JPRx)            Date: May 22, 2013

Title: Autoalert, Inc. v. Dominion Dealer Solutions, LLC, et al.

___

USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

### IV. Discussion

#### a. Stage of Litigation

This case is in its infancy, as no discovery has been sought, no dates have been set,[2] and Defendants claim the "parties have not conferred on any substantive issue[s]." (Mot. at 1.) Indeed, Plaintiff admits that this "case is at an early stage," and does not contest that the first factor weighs in favor of a stay. (Opp'n at 10.) Thus, the Court concludes that the stage of this litigation weighs heavily in favor of granting a stay.

#### b. Simplification of Issues

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US]PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (1995). This is particularly true where, as here, a party has requested reexamination of each of the patents-in-suit, and Plaintiff asserts claims only for patent infringement against Defendants. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because defendant's request for reexamination included all claims at issue in the litigation). Plaintiff in fact concedes that the IPR proceedings are bound to simplify the issues in this case. (Opp'n at 10.)

Moreover, while only Dominion is a party to the IPR, the other Defendants who did not file the IPR petitions have agreed to be bound by the estoppel provisions of the

___

[2] Per stipulation between the parties, the scheduling conference in this case was continued from May 17, 2013, to May 31, 2013. (Doc. 33.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-1661-JST (JPRx) | Date:  May 22, 2013 |
| Title:  Autoalert, Inc. v. Dominion Dealer Solutions, LLC, et al. | |

IPR proceedings.  (See Mot. at 10 n.9.)  Thus, the Court gives the estoppel effect of the proceedings full weight.  Therefore, this factor weighs in favor of a stay.[3]

### c. Undue Prejudice or Clear Tactical Disadvantage

The crux of Plaintiff's opposition to Defendants' Motion is that granting a stay will cause undue prejudice and result in a clear tactical disadvantage to Plaintiff because Plaintiff's AutoAlert® software competes directly with Defendants' DealActivator software.  (Opp'n at 10-11.)  Plaintiff further alleges that these are the only two products "with significant market presence," and that by granting a stay, the Court will allow Defendants to steal away Plaintiff's market share.  (*Id.* at 8-10.)  Defendants, however, argue that Plaintiff cannot claim undue prejudice because it waited more than three months to serve its Complaint and has never moved for a preliminary injunction.  (Mot. at 12.)

"If a stay would result in prejudice or a clear tactical disadvantage to the nonmoving party, courts have generally denied the motion to stay."  *Biomet Biologics, LLC v. Bio Rich Medical, Inc.*, No. SACV 10-1582 Doc. (PJWx), 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011).  "Courts are more likely to find undue prejudice when the parties are direct competitors."  *Inogen, Inc. v. Inova Labs, Inc.*, No. SACV 11-1692-JST (ANx), 2012 WL 4748803, at *4 (C.D. Cal. Mar. 20, 2012).

Here, however, there are several factors that undermine Plaintiff's assertion of undue prejudice.  First, Plaintiff waited to file its Complaint for at least two years after acquiring its patents, and it appears, at least two years after Dominion acquired DealActivator and began selling it.  (*See* Compl. ¶¶ 21, 24, 32, 40, 48.)  Plaintiff claims that it did not delay in filing suit because it "lacked the necessary information about [] DealActivator to file a lawsuit."  (Opp'n at 14.)  Defendants, however, note that DealActivator "was available to AutoAlert long before the November, 2010, patent issue

---

[3] As this Court has previously noted, the amended standards for granting *inter partes* review probably results in an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination.  *See Semiconductor Energy Laboratory Co., Ltd.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012); *Inogen, Inc. v. Inova Labs, Inc.*, No. SACV 11-1692-JST (ANx), 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012).  On the other hand, if the USPTO rejects the *inter partes* requests, the stay will be relatively short.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1661-JST (JPRx)                                    Date:  May 22, 2013
Title:  Autoalert, Inc. v. Dominion Dealer Solutions, LLC, et al.

___

date," that a website featuring the same description of the product as that used in Plaintiff's Complaint was "live no later than September 2008," and that a fully functional version of DealActivator has been demonstrated at industry trade shows and conferences since as early as 2009.  (Reply at 9; Andreu Decl. ¶¶ 3, 13, Doc. 40-1.)  Indeed, Plaintiff offers nothing more than a blanket assertion that it did not have the necessary information about DealActivator until October 2012; it offers no evidence of its attempts to obtain this information.  If the Defendants continued sale of DealActivator was in fact catastrophic to Plaintiff's business, it is unlikely Plaintiff would have waited more than two years after acquiring its first patent to file suit.  Second, Plaintiff then waited more than three months from filing its Complaint to serve it on Defendants.   While Plaintiff argues that it was exploring settlement options with Defendants prior to serving them with the Complaint, this delay still demonstrates a lack of urgency in the prosecution of this case.

   Third, Plaintiff's failure to file for a preliminary injunction in the seven months since it filed its Complaint further suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable for patent infringement.  *Inogen*, 2012 WL 4748803, at *4 (finding plaintiff's failure to file for a preliminary injunction weighed against undue prejudice); *Pacific Bioscience Labs, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1067 (W.D. Wash. 2011) (concluding that a stay would not be unduly prejudicial, in part because plaintiff had not sought any form of preliminary injunctive relief).  While Plaintiff argues that the Court should not penalize it for failing to file for a preliminary injunction because "parties forego seeking preliminary relief for many reasons," Plaintiff offers no reason for its failure to seek a preliminary injunction in *this* case.  (Opp'n at 14.)

   Finally, while Plaintiff argues that the parties' products are the "only two products with significant market presence," it offers little more than this statement to back its assertion.  (Opp'n at 8.)  Moreover, Defendants offer evidence that at least 12 other competitors "compete for the same business as AutoAlert and Dominion."  (Andreu Decl. ¶ 14.); *see Inogen*, 2012 WL 4748803, at *4 (noting that the presence of at least ten other participants in the market diluted the direct effect of the defendant's sales on the plaintiff's market share).

___

**CIVIL MINUTES – GENERAL**                                                                                           5

___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 12-1661-JST (JPRx)            Date: May 22, 2013

Title: Autoalert, Inc. v. Dominion Dealer Solutions, LLC, et al.

___

Furthermore, as the Court noted in *Inogen*, "given the recent change to the *inter partes* reexamination standard, it is unclear whether the *inter partes* reexamination process will take as long as current statistics suggest." 2012 WL 4748803, at *4. If the USPTO does not grant any of the requests for reexamination, the stay will be in place no longer than three months. If the USPTO grants at least one of the requests, "the significance of that decision under the elevated standard for reexamination combined with the possibility of a shorter reexamination process, the early stage of this litigation, and [Plaintiff's] failure to move for preliminary injunctive relief suggest that a stay is appropriate." [4] *Id.* Accordingly, Defendants' Motion to Stay pending *inter partes* review is GRANTED.

## V. Conclusion

For the foregoing reasons, and in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO IPR proceedings, the Court **GRANTS** Defendants' Motion to Stay. This action is **STAYED** pending final exhaustion of all pending IPR proceedings, including any appeals.[5] The parties shall file a joint status report within ten (10) days after the conclusion of the reviews informing the Court of the USPTO's decisions and, if applicable, requesting the Court to lift the stay.

Initials of Preparer: tg

___

[4] Many of the cases Plaintiff cites in support of its position were decided before the new, shorter, procedures were instituted. *See, e.g.*, *ADA Solns., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011); *Biomet*, 2011 WL 4448972; *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, No. 5:09-CV-85-TJW, 2010 WL 8923337, at *1 (E.D. Tex. Jan 5, 2010). Moreover, in many of these cases, the other factors did not weigh as strongly in favor of a stay as they do in this case. *See, e.g.*, *Tric Tools, Inc. v. TT Techs., Inc.*, No. 12-CV-3490 YGR, 2012 WL 6087483 (N.D. Cal. Dec. 6, 2012) (finding that simplification of the issues also weighed against a stay); *IMAX Corp. v. In-Three Inc.*, 385 F. Supp. 2d 1030, 1031-33 (C.D. Cal. 2005) (concluding that all three factors weighed against a stay). Thus, Plaintiff's arguments are unconvincing.

[5] Plaintiff argues that if the Court allows a stay, it should do so only through the issuance of a final appealable decision and not through any subsequent appeals. Because the same considerations would weigh in favor of staying the case through a final determination, rather than a final appealable decision, the Court declines to limit the stay in such a way.

___