1    RODERICK G. DORMAN (SBN 96908)
     rdorman@mckoolsmithhennigan.com
2    LAWRENCE M. HADLEY (SBN 157728)
     lhadley@mckoolsmithhennigan.com
3    ALAN P. BLOCK (SBN 143783)
     ablock@mckoolsmithhennigan.com
4    JEFFREY HUANG (SBN 266774)
     jhuang@mckoolsmithhennigan.com
5    MCKOOL SMITH HENNIGAN, P.C.
     865 South Figueroa Street, Suite 2900
6    Los Angeles, California 90017
     Telephone:   (213) 694-1200
7    Facsimile:    (213) 694-1234

8    THEODORE STEVENSON III (PRO HAC VICE)
     tstevenson@mckoolsmith.com
9    MCKOOL SMITH, P.C.
     300 Crescent Court Suite 1500
10   Dallas, Texas 75201
     Telephone:   (214) 978-4000
11   Facsimile:    (214) 978-4044

12   Attorneys for Plaintiff
     PERSONALWEB TECHNOLOGIES, LLC
13

14   Robert Galvin (SBN 171508)
      robert.galvin@wilmerhale.com
15   Cortney C. Hoecherl (SBN 245005)
      cortney.hoecherl@wilmerhale.com
16   WILMER CUTLER PICKERING HALE
     AND DORR LLP
17   950 Page Mill Road
     Palo Alto, CA 94304
18   Telephone: (650) 858-6000
     Facsimile:  (650) 858-610
19

20   William F. Lee
      william.lee@wilmerhale.com
21   Cynthia D. Vreeland
      cynthia.vreeland@wilmerhale.com
22   Peter Dichiara
      Peter.dichiara@wilmerhale.com
23   WILMER CUTLER PICKERING HALE
     AND DORR LLP
     60 State Street
24   Boston, MA  02109
     Telephone:  (617) 526-6000
25   Facsimile:  (617) 526-5000
     *Attorney for Defendants and Counterclaim-*
26   *Plaintiffs EMC Corporation and VMware, Inc.*

27

28

McKool Smith Hennigan, P.C.
Los Angeles, California

Case No. 5:13-cv-01358-EJD                JOINT CASE MANAGEMENT STATEMENT

1
2
3
4

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

5
6
7
8
9
10
11
12
13

PERSONALWEB TECHNOLOGIES
LLC AND
LEVEL 3 COMMUNICATIONS, LLC.,

              Plaintiffs,

              v.

EMC CORPORATION AND VMWARE,
INC.

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:13-cv-01358-EJD

JOINT CASE MANAGEMENT
STATEMENT

DATE:  November 1, 2013

TIME:   10:00 a.m.

PLACE:  Ctrm 4, 5th Floor

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McKool  Smith Hennigan, P.C.
los Angeles, California

1    Plaintiff PersonalWeb Technologies, LLC ("PWeb" or "PersonalWeb") and

2    Defendants EMC Corporation and VMWare, Inc. (collectively "EMC," "VMware" or

3    "Defendants") submit the following Case Management Statement in advance of the

4    Court's November 1, 2013 Case Management Conference.

5    <u>Preliminary Statements</u>

6    *PersonalWeb's Preliminary Statement*:  In December 2011, PersonalWeb filed

7    six cases for patent infringement in the Eastern District of Texas ("EDTX"), including

8    the cases against Google/YouTube, EMC/VMware, and NetApp now before this

9    Court.  In 2012, PersonalWeb filed an additional seven cases in the EDTX, including

10   the case against Facebook (now before this Court).

11   All Defendants in the first six cases moved to transfer to the Northern District

12   of California.  In March 2013, Judge Davis ordered conditional transfer of the

13   Google/YouTube, EMC/VMware, NetApp, and Facebook cases, and denied transfer

14   as to the other moving parties.  In the order, Judge Davis stated that he would retain

15   all cases until after the *Markman* claim construction proceedings were completed and

16   after the Court issued an Order construing disputed claim terms for all cases.  In the

17   meantime, the parties in all cases were directed to continue under the Court's pretrial

18   schedule (contained in a common Docket Control Order (Ex. 1)) so that "any delay

19   resulting from the transfers will be minimized, and the parties should be able to

20   proceed to trial on a schedule as closely related to their original schedule as possible."

21   Order on Transfer, Dkt 103, Case 6:12-cv-00660-LED (March 21, 2013) (Exs. 2).

22   Judge Davis also indicated that he had spoken with the Chief Judge of the Northern

23   District of California, and the transferred cases would all be assigned to one

24   courtroom to minimize the impact of transfer on the parties.

25   On August 5, 2013, Judge Davis issued his *Markman* claim construction order.

26   Immediately after, Judge Davis issued an order effecting the transfer of these four

27   cases to the Northern District of California, where all four cases were assigned to this

28

McKool  Smith  Hennigan,  P.C.
Los Angeles, California

1

McKool Smith Hennigan, P.C.
los Angeles, California

1    Court.  The remaining eight cases are proceeding in the Eastern District of Texas.

2         PersonalWeb asks that this Court pick up where the cases left off before Judge

3    Davis.  Under the EDTX Docket Control Order, fact discovery closes on January 22,

4    2014, expert discovery closes on April 30, 1014, dispositive motions are due May 30,

5    2014, the final pretrial conference is set for October 23, 2014, and trial is set for

6    November 10, 2014.[1]

7         Additionally, to avoid delay, PersonalWeb requests that this Court adopt

8    (subject to certain agreed modifications) the protective, discovery and e-discovery

9    orders entered by Judge Davis, and which the parties have been following for over

10   two years.  These orders are attached as Exhibits 3, 4, and 5.

11        Finally, PersonalWeb proposes adoption of Judge Davis' *Markman* ruling in

12   the Eastern District of Texas, including any changes Judge Davis may make to his

13   construction as a result of PersonalWeb's limited motion for reconsideration.  With

14   the *Markman* now complete, the path is clear for the parties to complete the remainder

15   of fact discovery, engage in expert discovery and prepare for trial.

16        In Defendants' preliminary statement below, EMC and VMware argue that the

17   case should be stayed pending the outcome of *inter partes reviews* pending before the

18   Patent Office.  Defendants' arguments are the subject of a pending motion to stay.

19   PersonalWeb has opposed the motion and its grounds for doing so are explained in its

20   opposition papers.  Accordingly, PersonalWeb will not respond here to Defendants'

21   re-argument of its motion below unless requested by the Court.[2]

22   _____

23

24   [1] EMC requested, and PersonalWeb agreed, to extend the EDTX remaining pretrial
     dates by 60 days.  However, the parties could not agree on a trial date or whether the
25   Court should even set a trial date at this time.

26   [2] PersonalWeb, however, does point out that Defendants' falsely contend that

27

28

Case No. 5:13-cv-01358-EJD                    JOINT CASE MANAGEMENT STATEMENT

928944

*Defendants' Preliminary Statement:*  EMC and VMware agree, as a general matter, that the schedule and orders entered in the Eastern District of Texas should be continued in this case, to the extent consistent with this Court's calendar and standing orders.  Significant events have occurred, however, since Judge Davis entered his scheduling order.  These events warrant a slight modification to the schedule.

In particular, EMC and VMware filed petitions with the PTO on December 14, 2012, requesting *inter partes* review ("IPR") of six of the eight asserted patents.[3]  The PTO instituted all six IPRs on May 17, 2013, finding a "reasonable likelihood that [Defendants] will prevail in challenging [each of the challenged claims] as unpatentable under 35 U.S.C. §§ 102 and 103."[4]  The PTO has scheduled a final hearing on the IPRs for December 16, 2013, and is statutorily required to issue final

---

PersonalWeb is a non-practicing entity.  In fact, PersonalWeb developed and distributes a product called "StudyPods" that practices claims of the Patents-in-Suit. *See* www.pweb.com and www.studypods.com.

[3] *See* Dkt 8-8, ('791 IPR) (2013-00082), Petition for IPR;  Dkt 8-10, ('280 IPR) (2013-00083), Petition for IPR; Dkt 8-11, ('544 IPR) (2013-00084), Petition for IPR; Dkt 8-12, ('539 IPR) (2013-00085), Petition for IPR; Dkt 8-13, ('662 IPR) (2013-00086), Petition for IPR; Dkt 8-14, ('096 IPR) (2013-0087), Petition for IPR.

EMC and VMware have challenged claims 1-4, 29-33 and 41 of the '791 patent; claims 36 and 28 of the '280 patent; claims 10, 21, and 34 of the '539 patent; claim 1 of the '544 patent; claim 30 of the '662 patent; and claims 1, 2, 81, and 83 of the '096 patent.  IPRs on the other two asserted patents (the '310 and '442 patents) have since been filed by Apple and Rackspace. *See, e.g.,* Dkt. 26, Defendants' Unopposed Motion for Administrative Relief Seeking Leave to Supplement the Record on Their Motion to Stay.

[4] *See* Dkt 8-15, ('791 IPR), Decision to Institute; *see also* Dkt 8-16,  ('280 IPR), Decision to Institute; Dkt 8-17, ('544 IPR), Decision to Institute; Dkt 8-18, ('539 IPR), Decision to Institute; Dkt 8-19, ('662 IPR), Decision to Institute; Dkt 8-20, ('096 IPR), Decision to Institute.

McKool  Smith  Hennigan, P.C.
los Angeles, California

decisions on the IPRs "not later than 1 year" after the petitions were granted – or by May 17, 2014.[5]

Given these ongoing IPR proceedings, EMC and VMware have filed a Motion to Stay Pending *Inter Partes* Review (Dkt. 8), requesting that this Court stay this litigation pending the PTO's final decisions on the IPRs.[6]  This motion has been fully briefed, is ripe for determination, and is scheduled for oral argument on January 10, 2014.  As further set forth in the motion, Defendants believe that a brief stay of the case is appropriate given the PTO's institution of the IPRs, and its finding that Defendants have a "reasonable likelihood" of prevailing in challenging all asserted claims of the '791, '280, '544, 539, '662, and '096 patents.  This Court has a liberal policy in favor of granting motions to stay pending the outcome of PTO reexamination proceedings, and the benefits of such a stay in this case would be substantial.  Staying the case pending final decisions on the IPRs would undoubtedly simplify the issues in the case, and could eliminate the need for trial on most or all of the issues.  Moreover, many of the most costly stages of the litigation have yet to occur – including factual depositions, expert discovery, and summary judgment

---

[5] *See* 35 U.S.C. § 316(a)(11); Dkt 8-21, ('791 IPR), Scheduling Order; Dkt 8-22, ('280 IPR), Scheduling Order; Dkt 8-23, ('544 IPR), Scheduling Order; Dkt 8-24, ('539 IPR), Scheduling Order; Dkt 8-25, ('662 IPR), Scheduling Order; Dkt 8-26, ('096 IPR), Scheduling Order.

The one-year period may be extended for good cause by not more than 6 months, although "[e]xtensions of the one-year period are anticipated to be rare."  77 Fed. Reg. at 48,695.

[6] Prior to filing the Motion to Stay in this Court, EMC and VMware filed a Motion for Leave to File a Motion for Stay in the Eastern District of Texas, seeking leave to file its Motion for Stay in this Court pending the transfer.  This motion remained pending in the Eastern District of Texas at the time the transfer became effective.

McKool Smith Hennigan, P.C.
Los Angeles, California

motions – each of which could be reduced or eliminated following the PTO's final decision on the IPRs.  Plaintiff PersonalWeb would suffer no undue delay or prejudice from such a stay, given the speed of the PTO's new IPR procedures. This is particularly true given that PersonalWeb waited more than 7 years to file this lawsuit, and that it does not manufacture any products that practice the patent.

The parties agree a slight modification to the schedule entered by the Eastern District of Texas is warranted.[7]  In particular, Defendants' proposed schedule will permit this Court to rule on Defendants' Motion to Stay before expert reports in the case become due.  Defendants expect that expert reports will be particularly costly in this case because PersonalWeb has accused nine (9) separate EMC and VMware products of infringing thirty (30) separate patent claims.  Under Defendants' proposed schedule, in the event the Court does not grant the requested stay, the schedule would be extended by 60 days so that fact discovery would close on March 21, 2014, opening expert reports would be due on April 14, 2014, and expert discovery would close on June 30, 2014.  PersonalWeb has indicated that it does not oppose extending the schedule by 60 days so long as trial is set consistent with that extension. Defendants' lead counsel has conflicts with the January 13, 2015 trial date proposed by PersonalWeb, but Defendants' are amenable to setting a trial date in early 2015, at a time convenient to the Court and the parties.

The parties have also agreed to adopt the E-discovery Order ((EDTX) Dkt. 80) entered in the Eastern District of Texas.  In addition, the parties agree to adopt the Protective Order ((EDTX) Dkt. 79) entered in the Eastern District of Texas, but

---

[7] As noted by PersonalWeb, Defendants and PersonalWeb agreed to extend the remaining EDTX dates by 60 days.

McKool Smith Hennigan, P.C.
los Angeles, California

McKool Smith Hennigan, P.C.
los Angeles, California

1  request that reference to the Eastern District of Texas in "Section 8.H" be replaced

2  with the Northern District of California.  Lastly, Defendants are generally amenable to

3  adopting the Discovery Order ((EDTX) Dkt. 97) entered in the Eastern District of

4  Texas, but have proposed two minor changes that are necessary to reflect the transfer

5  of this case to the Northern District of California.  (*See infra,* Section 8 "Discovery".)

6  1.   Jurisdiction and Service:

7      PersonalWeb contends that this Court has subject matter jurisdiction over

8  PersonalWeb's claims against Defendants under 28 U.S.C. §§ 1331 and 1338(a).

9  Defendants do not contest personal jurisdiction or venue in this District with regard to

10  PersonalWeb's claims.  All named parties have been served, and there are no

11  unresolved issues relating to service of process.

12      Defendants contend that this Court has jurisdiction over their counterclaims for

13  declaratory relief pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.  PersonalWeb

14  agrees that, for purposes of Defendants' counterclaims, this Court has personal

15  jurisdiction over PersonalWeb and that venue is proper in this District.  All named

16  parties have been served, and there are no unresolved issues relating to service of

17  process.

18  2.   Facts:

19      *PersonalWeb's Statement*:  PersonalWeb's asserted patents claim inventions

20  directed to various methods of identifying data (such as files or portions of files) to

21  improve the speed and efficiency of accessing data, increase effective storage capacity

22  of data, and reduce bandwidth needs in transferring data.  The patents' inventors

23  recognized that in a world of rapidly expanding and globally distributed data and

24  networks, it would be important to have more efficient and reliable ways of

25  identifying data for accessing, storing, and transferring data.  Their solution involved

26  identifying data in the system in a manner that is independent of subjective names

27  (such as user-given file names, file locations, or other metadata) and instead is based

28

6

on the data itself.  That way, data could be identified across multiple, complex networks and file systems, independent of different naming practices.

PersonalWeb, a limited liability company with its principal place of business in Tyler, Texas, holds an undivided ownership interest in the Patents-in-Suit (U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, and 8,001,096).  PersonalWeb filed this action in December 2011 alleging patent infringement by EMC based on five EMC products (EMC Centera, EMC Data Domain, EMC Avamar, EMC Atmos CAS, and EMC Isilon) and three VMWare products (vSphere, Vmware Data Recovery, and vSphere Storage Appliance).

*Defendants' Statement:*  PersonalWeb's asserted patents are directed to data storage systems that use "substantially unique identifiers" – based on the content of the data in a data item – to identify data items for file management functions.  *See, e.g.*, Ex. 1, '791 patent, Title, Abstract, and col. 1, ll. 13-18.  These techniques were old and widely used.

Furthermore, on October 25, 2004, Kinetech, Inc., the original assignee of the asserted patents, wrote a letter to EMC accusing it of infringing the '791 and '280 patents, and offering it a license.  *See* (EDTX) Dkt. 13, Defendants' Motion to Transfer Venue, at 13 n.18; (EDTX) Dkt. 13-33, Lyons Decl. ¶¶ 13-14.  At the time Kinetech sent this letter, the '791 and '280 patents were the only asserted patents to have issued.  EMC responded in a letter dated February 8, 2005, advising Kinetech that it was not infringing the patents, and explaining why.  *Id.*

After this correspondence, EMC considered the matter closed.  More than five years later, however, Kinetech's parent company, Brilliant, set out to assert the patents against the storage and cloud computing industry in the Eastern District of Texas, and formed a new company, PersonalWeb, Inc., in Tyler, Texas.  PersonalWeb subsequently filed this lawsuit in the Eastern District of Texas, alleging that a long list of separate EMC and VMware products infringe the asserted patents.  Moreover, it

Case No. 5:13-cv-01358-EJD                    JOINT CASE MANAGEMENT STATEMENT

928944

McKool Smith Hennigan, P.C.
los Angeles, California

claimed to own all rights and interest in the patents even though various rights had been assigned to and/or licensed to other entities (*i.e.*Level 3 Communications LLC ("Level 3") owns a fifty percent (50%) interest in the patents and rights to an exclusive field of use. ) *See, e.g.,* Dkt. 19, Amended Complaint.  Moreover, all of the products that PersonalWeb has accused of infringement fall outside the scope of the asserted patent claims.

3.   Legal Issues:

The legal issues in dispute are identified in PersonalWeb's First Amended Complaint ((EDTX) Dkt. 19) and Defendants' First Amended Answer, Defenses and Counterclaims ((EDTX) Dkt. 110).  The allegations, affirmative defenses, and counterclaims include the following issues:

(a)   The proper construction of the asserted claims of the patents-in-suit;

(b)   Whether the accused products infringe the patents-in-suit;

(c)   Whether PersonalWeb's patents-in-suit are valid;

(d)   Whether PersonalWeb's patents-in-suit are enforceable;

(e)   Whether PersonalWeb's claims are barred or limited by laches;

(f)   Whether PersonalWeb's claims are barred or limited by waiver;

(g)   Whether PersonalWeb's claims are barred or limited by estoppel and/or equitable estoppel;

(h)   Whether PersonalWeb's claims are barred or limited by unclean hands;

(i)   Whether PersonalWeb's claims are barred or limited by exhaustion, implied license, actual license, and/or restrictions on double recovery;

(j)   Whether PersonalWeb's claims are barred or limited by Plaintiffs' lack of standing;

(k)   Whether Defendants' infringement, if any, was willful;

(l)   The amount of damages, if any, due to PersonalWeb for Defendants' alleged infringement;

(m)   Whether PersonalWeb is entitled to enhanced damages pursuant to 35 U.S.C. § 284;

(n)   Whether PersonalWeb is entitled to an order enjoining Defendants from further infringing PersonalWeb's patents, and the terms of such

8

McKool Smith Hennigan, P.C.
los Angeles, California

injunctive relief;

(o)   Whether declaratory judgment that the patents-in-suit are invalid and unenforceable is appropriate;

(p)   Whether declaratory judgment that the patents-in-suit have not been infringed by Defendants is appropriate;

(q)   Whether declaratory judgment that PersonalWeb and Level 3 have waived and are estopped from obtaining any relief from Defendants on their purported claims is appropriate; and

(r)   Whether this is an exceptional case, such that PersonalWeb or Defendants are entitled to their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action.

4.   <u>Motions</u>:

*Plaintiff PersonalWeb's Motions:*

(a)   PersonalWeb has pending before Judge Davis a motion for partial reconsideration of the Court's *Markman* ruling as to a limited aspect of two claim terms.  Briefing on that motion is complete.

(b)   Defendants respond that this motion has been filed in PersonalWeb's cases against other defendants, but not in this case.  Defendants accordingly have had no opportunity to respond to PersonalWeb's motion.

*Defendants Motions:*

(a)   Defendants' Motion to Stay Pending *Inter Partes* Review (Dkt. 8) is currently pending before this Court.  The motion is fully briefed and ripe for determination.

5.   <u>Amendment of Pleadings</u>:

The parties do not contemplate further amendment to the pleadings.

6.   <u>Evidence Preservation</u>:

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

McKool Smith Hennigan, P.C.
Los Angeles, California

1   *PersonalWeb's Position*:  PersonalWeb has taken steps to preserve relevant

2   evidence, including the issuance of a document retention notice to individuals and

3   document custodians reasonably likely to have information subject to discovery in

4   this litigation.

5   *Defendants' Position:*  Defendants have each taken steps to preserve relevant

6   evidence, including the issuance of document retention notices to individuals and

7   document custodians reasonably likely to have information subject to discovery in

8   this litigation.

9   7.   Disclosures:

10   The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26.

11   8.   Discovery:

12   *Joint Statement*:  The parties agree to adopt the E-discovery Order (E.D.Tex.

13   Dkt. 80) entered in the Eastern District of Texas.  In addition, the parties agree to

14   adopt the Protective Order ((EDTX Dkt. 79) entered in the Eastern District of Texas,

15   but request that reference to the Eastern District of Texas in "Section 8.H" be replaced

16   with the Northern District of California.  The modified section would state (in

17   relevant part):

18   "8.H.  The United States District Court for the **Northern District of
     California** is responsible for the interpretation and enforcement of this
19   Agreed Protective Order.  … All disputes concerning Protected
     Information produced under the protection of this Agreed Protective
20   Order shall be resolved by the United States District Court for the
     **Northern District of California.**"
21

22   The parties do not agree on a proposed Discovery Order.

23   *PersonalWeb's Statement*:  PersonalWeb has completed substantial discovery,

24   including the production of all its documents, and the review of source code for the

25   accused products.  Based on this review, PersonalWeb has provided detailed claim

26   charts to Defendants, explaining how features of the accused products read on each

27   limitation of the asserted claims and containing citations to the relevant source code

28

McKool Smith Hennigan, P.C.
los Angeles, California

10

1    routines.  Both parties also have responded to interrogatories.

2         Now that the Court has entered a claim construction order, PersonalWeb

3    intends to conduct focused depositions and pursue focused email discovery from

4    EMC in accordance with the procedures contained in the e-Discovery Order.

5    PersonalWeb has noticed the depositions of Defendants and expects to complete fact

6    discovery within the agreed March 21, 2014 deadline.

7         As stated above, the parties agree on the entry of the Protective Order (subject

8    to the change to paragraph 8(H) and e-Discovery Order.

9         PersonalWeb asked that this Court adopt the EDTX Discovery Order.

10   PersonalWeb agrees with Defendants that paragraphs 8, 11, 12, 14, and 15 should be

11   deleted, and that the parties should follow the NDCA local rules in place of these

12   provisions.  As for the common discovery limits set forth in paragraph 4,

13   PersonalWeb believes that Defendants should continue to coordinate with Defendants

14   remaining in the EDTX so that PersonalWeb and third parties are not required to

15   respond to identical written discovery requests from different parties, and witnesses

16   are not subjected to repeated depositions on the same matters by different parties.

17   This coordination worked well when all parties were in the EDTX, and there is no

18   reason that it cannot continue now that the cases are divided between two

19   jurisdictions.

20        *Defendants' Statement*:  The parties have made only minimal progress in

21   discovery, and the most time-consuming and costly stages of this litigation have yet to

22   occur.  The parties have not yet negotiated email search terms or custodians.  No

23   factual depositions have been noticed or taken on issues other than venue transfer.  No

24   expert reports have been exchanged, and no expert depositions have been noticed or

25   taken.  No summary judgment motions have been filed.

26        Defendants are generally amenable to adopting the Discovery Order ((EDTX)

27   Dkt. 97) entered in the Eastern District of Texas, but request two changes that are

28

McKool Smith Hennigan, P.C.
los Angeles, California

11

necessary to reflect the transfer of this case to the Northern District of California.  The proposed changes are detailed below.

First, Defendants request clarification that the common discovery limits in paragraph 4(A) of the Discovery Order either will not apply, or will apply to only those "Defendant Groups" in the Northern District of California.

Second, Defendants request that the Court strike paragraphs 8, 11, 12, 14 and 15, which pertain to procedural requirements that are specific to the Eastern District of Texas.  Defendants propose that the parties follow the Local Rules, Standing Orders and other guidelines of this Court and Judge Davila on these and any other procedural issues.  PersonalWeb agrees to delete these paragraphs.

Provided that the Court grants Defendants' requests, Defendants shall submit an amended Discovery Order, reflecting these changes.

9.   Class Actions:

These cases are not a class action.

10.   Related Cases:

The following related cases are pending before this Court:  *PersonalWeb v. Facebook*, 5:13-cv-01356-EJD; *PersonalWeb v. Google and YouTube*, 5:13-cv-01317 EJD; and, *PersonalWeb v. NetApp,* 5:13-cv-01359-EJD.

11.   Relief:

*PersonalWeb's Statement:*  PersonalWeb intends to seek damages in the form of a reasonable royalty for EMC's infringement of its patents.  PersonalWeb is conducting discovery necessary for its experts to opine on the appropriate reasonable royalty in this case.

*Defendants' Statement*:  Defendants' Answer includes counterclaims for declaratory judgment of non-infringement and invalidity of PersonalWeb's asserted patents.  Defendants seek an award of reasonable attorney's fees, costs, and expenses, and any other relief as the Court may deem just and proper.

McKool Smith Hennigan, P.C.
los Angeles, California

McKool Smith Hennigan, P.C.
Los Angeles, California

12. <u>Settlement and ADR:</u>

The parties have not engaged in settlement discussions.  PersonalWeb and Defendants are amenable to private mediation LR 3-4 (b).

13. <u>Consent to Magistrate Judge For All Purposes:</u>

The parties do not consent to have this case proceed for all purposes before a Magistrate judge.

14. <u>Other References:</u>

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.  The parties reserve their right to request such reference in the future.

15. <u>Narrowing of Issues:</u>

The parties have not identified any such issues at this time.

16. <u>Expedited Trial Procedure:</u>

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. <u>Scheduling:</u>

*PersonalWeb's Position*:  PersonalWeb asks that this Court follow the EDTX schedule as set forth in the Docket Control Order, continuing where the cases left off before Judge Davis.  Under the EDTX Docket Control Order, fact discovery closes on January 22, 2014, expert discovery closes on April 30, 1014, dispositive motions are due May 30, 2014, the final pretrial conference is set for October 23, 2014, and trial is set for November 10, 2014.  PersonalWeb does not oppose a 60-day extension of those dates so long as trial is set consistent with that extension -- *i.e.*, on January 13, 2015, or the first date thereafter available to the Court.

*Defendants' Position*:  Defendants' proposed schedule will permit this Court to rule on Defendants' Motion to Stay before expert reports in the case become due. Defendants expect that expert reports will be particularly costly in this case because

PersonalWeb has accused nine (9) separate EMC and VMware products of infringing thirty (30) separate patent claims.  Under Defendants' proposed schedule, in the event the Court does not grant the requested stay, the schedule would be extended by 60 days so that fact discovery would close on March 21, 2014, opening expert reports would be due on April 14, 2014, and expert discovery would close on June 30, 2014. For the convenience of the Court, a copy  of the Defendants' proposed schedule is attached hereto as Exhibit 6.  Defendants' lead counsel has conflicts with the January 13, 2015 trial date proposed by PersonalWeb, but Defendants' are amenable to setting a trial date in early 2015, at a time convenient to the Court and the parties.

18.   Trial:

A jury demand has been made on all issues so triable.  The parties estimate that the expected length of trial will be ten (10) days.

19.   Disclosure of Non-party Interested Entities or Persons:

*PersonalWeb's Position*:  PersonalWeb has filed the Certificate of Interested Entities or Persons required by Civil L.R. 3-16.  PersonalWeb has no parent corporation and no publicly held company owns more than 10% of PersonalWeb's stock.

*Defendants' Position:*  Defendants have filed the Certificate of Interested Entities or Persons required by Civil L.R. 3-16.  Defendant EMC has no parent corporation and no publicly held company owns more than 10% of Defendant EMC's stock.  Other than the named party Defendant EMC, there is no such interest to report for Defendant VMware.  Defendant EMC owns more than 10% of VMware's stock and is the parent corporation to Defendant VMware.

Defendants have concerns that PersonalWeb's Certificate of Interested Entities or Persons fails to disclose entities known by PersonalWeb to have a financial interest in PersonalWeb and/or an interest in the outcome of this case.  PersonalWeb has indicated to this Court that "other than the named parties, there is no such interest to

McKool Smith Hennigan, P.C.
los Angeles, California

report." (Dkt. 13). Yet, in its Sur-Reply to Defendants' Motion to Transfer Venue, PersonalWeb represented to the Eastern District of Texas that the prior owner of the patents – Kintech, Inc. – is an equity investor in PersonalWeb (along with four other entities):

> "EMC's argument that companies previously owning the True Names patents are 'funding this litigation' is incorrect. Kinetech, the prior owner, is an equity investor in PersonalWeb along with four other entities. As a start up company, PersonalWeb has received loans from four separate secured creditors. Because PersonalWeb launched its first product only recently, these equity and debt investments have funded the entire company and all product development, not just 'this litigation.'"

((EDTX) Dkt. 31, at 2) (internal citations omitted).

20.    <u>Other</u>:

(a)    *Post-Markman Issues*

*PersonalWeb's Position*: On July 18, 2013, Judge Davis conducted a Markman hearing and issued a claim construction order on August 5, 2013. PersonalWeb has sought limited reconsideration before Judge Davis of the Court's claim construction as two terms. The briefing on this issue is complete as of September 27, 2013. PersonalWeb does not intend to certify for immediate appeal to the Federal Circuit the claim construction ruling.

The parties continue to engage in fact discovery and are preparing to move forward with expert discovery in this case. While fact discovery remains to be completed, and expert discovery has not yet begun, PersonalWeb has invested considerable resources in discovery and it experts and consultants. Defendants' progress may be "minimal," but PersonalWeb's investment and progress in this matter has been substantial.

*Defendants' Position:* PersonalWeb filed its motion for partial reconsideration before Judge Davis ***after*** this case was already transferred to the Northern District of California. Moreover, it submitted the motion only in its cases against the other

McKool  Smith  Hennigan,  P.C.
Los Angeles, California

1    defendants, and did not file a motion for reconsideration in this case.  Defendants

2    accordingly have had no opportunity to respond to PersonalWeb's motion and would

3    therefore be prejudiced by a reconsideration of the ruling in its absence.

4        As referenced above in Section 8 "Discovery", the parties have made only

5    minimal progress in discovery, and the most time-consuming and costly stages of this

6    litigation have yet to occur.

7        (b)    *Service of Documents*

8        The parties agree that service by electronic mail, with delivery of lengthy

9    exhibits by overnight delivery (e.g. Federal Express) or by posting the document on

10   an FTP site [with concurrent notice to opposing counsel and instructions on how to

11   access the site], will be considered "actual delivery" under Civil L.R. 5-5(a)(1) on that

12   day that the documents are emailed and delivered to the courier for overnight mail or

13   posted on an FTP site.  This agreement is not intended to change the deadlines under

14   the Northern District of California's Local Rules for responding to filings submitted

15   via the Court's ECF system.

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan, P.C.
los Angeles, California

Case No. 5:13-cv-01358-EJD                                    JOINT CASE MANAGEMENT STATEMENT

928944

McKool Smith Hennigan, P.C.
los Angeles, California

1   DATED:      October 25, 2013          McKool Smith Hennigan, P.C.

2

3

4                                         By  /s/ Lawrence M. Hadley
                                          _____
5                                             Lawrence M. Hadley

6                                         RODERICK G. DORMAN (SBN 96908)
                                          rdorman@mckoolsmithhennigan.com
7                                         LAWRENCE M. HADLEY (SBN 157728)
                                          lhadley@mckoolsmithhennigan.com
8                                         ALAN P. BLOCK (SBN 143783)
                                          ablock@mckoolsmithhennigan.com
9                                         JEFFREY HUANG (SBN 266774)
                                          jhuang@mckoolsmithhennigan.com
10                                        MCKOOL SMITH HENNIGAN, P.C.
                                          865 South Figueroa Street, Suite 2900
11                                        Los Angeles, California 90017
                                          Telephone:    (213) 694-1200
12                                        Facsimile:    (213) 694-1234

13                                        THEODORE STEVENSON III
                                          tstevenson@mckoolsmith.com
14                                        MCKOOL SMITH, P.C.
                                          300 Crescent Court Suite 1500
15                                        Dallas, Texas 75201
                                          Telephone:    (214) 978-4000
16                                        Facsimile:    (214) 978-4044

17

18                                        Attorneys for Plaintiff, PERSONALWEB
                                          TECHNOLOGIES, LLC.
19

20                                        By  /s/  Cortney C. Hoecherl

21

22                                        Robert Galvin (SBN 171508)
                                            robert.galvin@wilmerhale.com
23                                        Cortney C. Hoecherl (SBN 245005)
                                            cortney.hoecherl@wilmerhale.com
24                                        WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
25                                        950 Page Mill Road
                                          Palo Alto, CA 94304
26                                        Telephone: (650) 858-6000
                                          Facsimile: (650) 858-6100

27

28                                        17

928944

1

2

3

William F. Lee
   william.lee@wilmerhale.com
Cynthia D. Vreeland
   cynthia.vreeland@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

*Attorneys for Defendants and Counterclaim-
Plaintiffs EMC Corporation and VMware,
Inc.*

4

5

6

7

8

9

10

11

McKool  Smith  Hennigan,  P.C.
los Angeles, California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:13-cv-01358-EJD

JOINT CASE MANAGEMENT STATEMENT

928944

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 25, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

*/s/ Lawrence M. Hadley*

McKool Smith Hennigan, P.C.
los Angeles, California

Case No. 5:13-cv-01358-EJD

1

CERTIFICATE OF SERVICE

928944