UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EMC CORPORATION and VMWARE, INC.,<br><br>Defendants. | CASE NO.: 5:13-cv-01358-EJD<br><br>**[~~PROPOSED~~] ORDER ENTERING SUMMARY JUDGMENT**<br><br>**Docket No. 65**<br><br>Hon. Edward J. Davila |

Defendants EMC Corporation and VMware, Inc. (collectively, "Defendants") move for summary judgment regarding the asserted claims of U.S. Patent No. 5,978,791 ("the '791 patent"), Patent No. 6,415,280 ("the '280 patent"), Patent No. 7,945,544 ("the '544 patent"), Patent No. 7,945,539 ("the '539 patent"), Patent No. 7,949,662 ("the '662 patent"), and Patent No. 8,001,096 ("the '096 patent"). Dkt. No. 65. Defendants contend that summary judgment is appropriate because all asserted claims of these patents have now been invalidated through *inter partes* review proceedings before the Patent Trial and Appeal Board ("PTAB"), and those invalidations are subject to no further appeals. Plaintiffs PersonalWeb Technologies, LLC and Level 3 Communications, LLC (collectively, "Plaintiffs") do not oppose the motion. *Id*.

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95, n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed.R.Civ.P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996).

The evidence presented by Defendants supports their motion for summary judgment. *See* Decl. of Marissa A Lalli Exs. C-G (PTAB's Final Written Decisions), H (Judgments of the United States Court of Appeals for the Federal Circuit in *PersonalWeb Technologies, LLC v. EMC Corporation and VMware, Inc.*, Nos. 2014-1602, 2014-1603, 2014-1604, 2014-1605, 2014-1606, 2014-1607, dated August 10, 2015), I-N (Inter Partes Review Certificates for the '791 patent, '280 patent, '544 patent, '539 patent, '662 patent, and '096 patent).

Accordingly, Defendants' motion for summary judgment is GRANTED on Count 1 and Count 2 of the Amended Complaint with respect to U.S. Patent No. 5,978,791, U.S. Patent No.

6,415,280, U.S. Patent No. 7,945,544, U.S. Patent No. 7,945,539, U.S. Patent No. 7,949,662, and U.S. Patent No. 8,001,096.

IT IS SO ORDERED.

Dated: September 10, 2019

EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE