# EXHIBIT B

**EMC²**
where information lives

*Direct Dial: (508) 293-6654*
*Email: Krish.Gupta@emc.com*

<u>***Via Email (lhadley@mckoolsmithhennigan.com)***</u>
<u>***and Federal Express***</u>

May 21, 2014

Lawrence M. Hadley
McKool Smith
865 So. Figueroa Street, Ste. 2900
Los Angeles, CA  90017

      Re:  *Personalweb Technologies, LLC v. EMC Corporation and VMware, Inc.*, Civ. Action No. 5:13-CV-01358

Dear Mr. Hadley:

As you know, the Patent Trial and Appeals Board's decisions last Thursday found all asserted claims of the '791, '281, '544, '539, '662, and '096 patents unpatentable.  Also, in response to Apple's and Rackspace's petitions, the PTAB instituted *Inter Partes Reviews* on similar grounds for all asserted claims of the '310 and '442 patents. We are confident that those claims also will be found unpatentable.

The PTAB's decisions serve to confirm that PersonalWeb has no reasonable basis for maintaining this lawsuit.  EMC made clear to PersonalWeb's predecessor Kinetech – when it first approached EMC about this family of patents in October 2004 – that EMC was not infringing the patents.  We had understood, based on Kinetech's complete silence over the next seven years that it agreed with this assessment.

PersonalWeb nevertheless made the decision to pursue a meritless case against EMC, and to litigate its claims of patent infringement in an exceptional and unreasonable manner.  To list just a few of the myriad problems with the case:

- All of the asserted claims are invalid, as the PTAB's decisions confirm.  In fact, the PTAB rejected the claims based on multiple grounds and multiple references, confirming that the claims' validity was not a close call.  PersonalWeb has been long aware that the asserted claims are invalid.  EMC served its invalidity contentions on PersonalWeb and its petitions for inter partes review in December 2012.  The petitions were granted in May 2013.  Yet instead of seeking to dismiss its lawsuit in light of the patents' invalidity, PersonalWeb continued to increased EMC's litigation costs.

- Rather than agreeing to a stay of the district court litigation in N.D. Cal when EMC requested it in August 2013, PersonalWeb unreasonably opposed, forcing EMC to continue to litigate until January 2014 when the Court granted EMC's motion.

Lawrence M. Hadley
May 21, 2014
Page -2-

- None of the asserted claims are infringed. EMC made this clear when Kinetech first approached EMC in 2004 and, since the filling of this litigation, has provided lengthy interrogatory responses outlining all of the many limitations that are not met by its accused products.

- PersonalWeb has no standing to assert the patents or to recover damages in the relevant field.

As the Supreme Court confirmed in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), a defendant is entitled to recover its attorneys fees under 35 U.S.C. § 285 in exceptional cases, such as this one, where a case is litigated in an unreasonable manner. *See, e.g., id.* at 1756 ("We hold then, that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated").

EMC accordingly demands that PersonalWeb take immediate steps to dismiss this lawsuit with respect to all asserted patents with prejudice. If PersonalWeb does not dismiss the lawsuit, we will seek all available remedies including an award of attorneys fees for our litigation and IPR expenses under 35 U.S.C. § 285. If you want to discuss this further, you are welcome to contact me directly.

Very truly yours,

Krish Gupta

Krish Gupta
Senior Vice President and
Deputy General Counsel

cc:  Cynthia Vreeland via email (cynthia.vreeland@wilmerhale.com)
     Peter Dichiara via email (peter.dichiara@wilmerhale.com)