LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD - State Bar No. 320303
sunderwood@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff
PERSONAL WEB TECHNOLOGIES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EMC CORPORATION and VMWARE, INC.,<br><br>Defendants. | CASE NO.: 5:13-cv-01358-EJD<br><br>**PERSONALWEB'S L.R. 6-3 MOTION TO EXTEND ITS TIME TO FILE AN OPPOSITION TO DEFENDANTS' ATTORNEY'S FEES MOTION** |

## I. INTRODUCTION

Pursuant to L.R. 6-3, Plaintiff PersonalWeb Technologies, LLC ("PersonalWeb") hereby moves to extend its time to oppose Defendants EMC Corp.'s and VMWare, Inc.'s ("Defendants'") Motion for Attorneys' Fees (D.I. 91) (the "Motion"). PersonalWeb's opposition to Defendants' Motion is currently due on **April 22, 2020**. D.I. 86. PersonalWeb hereby requests that its deadline to oppose the Motion be extended until **21 days after the Federal Circuit issues its mandate** in the pending appeal. Such an extension is necessary and proper in this case, because "[t]here is no reason to render a decision on fees when key elements of the fee calculus—including which party is the prevailing party and whether the case is exceptional—will be informed by the appellate outcome." *Auto. Techs. Int'l, Inc. v. Delphi Corp.*, 2011 WL 13209069, at *3 (E.D. Mich. June 16, 2011).

Pursuant to L.R. 6-3(a), this Motion is accompanied by a Declaration of Stephen Underwood, which sets forth the matters required by L.R. 6-3(a)(1)-(6).

## II. STATEMENT OF FACTS

PersonalWeb filed this case in the Eastern District of Texas on 12/8/2011. The case was transferred to this district on 8/8/2013. D.I. 3. On 8/13/2013, Defendants moved to stay the case, pending resolution of various post-grant proceedings at the PTO. D.I. 8. PersonalWeb opposed the stay, arguing undue prejudice. D.I. 16 at 19-21. This Court granted the stay on 1/13/2014. D.I. 41.

The case remained stayed for over five and one-half years. On June 24, 2019, this Court reopened the case. D.I. 62. On November 22, 2019, Defendants filed a motion for judgment on the pleadings under 35 U.S.C. § 101, challenging the patent claims that remained valid after the PTO proceedings. D.I. 78. PersonalWeb opposed that motion on December 20, 2019. D.I. 80. On January 29, 2020, this Court granted Defendants' motion, and entered judgment in favor of Defendants. D.I. 82-83. On February 27, 2020, PersonalWeb filed a notice of appeal. D.I. 88. While PersonalWeb's appeal was pending, Defendants moved for attorney's fees. D.I. 91.

## III. LEGAL STANDARDS

Motions for attorney's fees are governed by Fed. R. Civ. P. 54(d)(2). The 1993 Advisory Committee notes to that Rule state: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may *defer its ruling* on the motion, or may *deny the motion without*

*prejudice*, directing . . . a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d), 1993 Notes (emphasis added). Thus, Rule 54(d)(2) expressly authorizes this Court to defer ruling on Defendants' motion for attorney's fees until the substantive appeal is completed.

In patent cases, district courts routinely defer ruling on attorney's fees motions until the substantive appeal is complete. *See, e.g., Baggage Airline Guest Services, Inc. v. Roadie, Inc.,* 2019 WL 644827, *1-*2 (D. Del. 2019) (dismissing attorney's fees motion, without prejudice to refile it after appeal, because "[i]t is entirely possible that the Federal Circuit could reverse the judgment in this case, thereby mooting the fees motion," and even if it did not, "deciding the issue in light of the decision on appeal is likely to make the decision easier and better"); *GS CleanTech Corporation v. Adkins Energy LLC,* 2018 WL 1469001, *7 (N.D. Ill. 2018) (same); *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns, LLC,* 201 F. Supp. 3d 564, 566 (D. Del. 2016) (same).[1] Whether to stay a motion for fees is within the district court's discretion. *Pacing Techs.,* 2014 WL 2872219, *1-*2.

There are two main reasons why district courts typically stay attorney's fees motions pending appeal. First, such stays conserve judicial and party resources. *See, e.g., Carnegie Mellon,* 2013 WL 3245199, at *2 (stay would conserve "judicial resources"); *CleanTech*, 2018 WL 1469001, at *7 (stay would promote "judicial efficiency"); *Auto. Techs*, 2011 WL 13209069 at * 3 (stay would ensure a "more economical use of judicial resources.") Second, such stays give the district court the benefit of reviewing the Federal Circuit's decision before it decides whether the case was "exceptional" under 35 U.S.C. § 285. *See, e.g., Pacing Techs.,* WL 2872219, at *2 (stay was appropriate because "the appellate court's decision could have an impact on this Court's determination of whether this is an 'exceptional' case"); *Sprint*, 201 F. Supp. 3d at 566 (same).

**IV.   ARGUMENT**

This Court should stay Defendants' motion for attorney's fees until the appeal is complete,

---

[1] *See also Certusview Techs., LLC v. S & N Locating Services, LLC*, No. 2:13cv346, 2015 WL 3466842, *2 (E.D. Va. Jun. 1, 2015) (same); *Pacing Technologies, LLC v. Garmin Intern., Inc*., 2014 WL 2872219, *2 (S.D. Cal. 2014) (same); *Carnegie Mellon University v. Marvell Technology Group, Ltd*., 2013 WL 3245199, *3 (W.D. Pa. 2013) (same); *Walker Digital, LLC v. Expedia, Inc*., 2013 WL 5662145, *2 (D. Del. 2013) (same); *Teva Pharm. Indus. Ltd. v. AstraZeneca Pharm. LP*, No. CIV.A. 08-4786, 2012 WL 3063994, at *1 (E.D. Pa. July 26, 2012) (same); *Auto. Techs. Int'l, Inc. v. Delphi Corp*., No. 08-11048, 2011 WL 13209069, at *3 (E.D. Mich. June 16, 2011) (same).

1  for three reasons: (i) to conserve resources, and avoid waste; (ii) to give the Court the benefit of the
2  Federal Circuit's decision in deciding whether this case was "exceptional;" and (iii) out of fairness,
3  because Defendants previously obtained a 5.5 year stay, over PersonalWeb's objections.

    **A.    This Court Should Stay the Motion to Conserve Resources and Avoid Waste**

This Court should stay Defendants' Motion to converse resources and avoid waste. A stay would achieve these objectives—which have particular importance in recent days—for two reasons.

*First*, a stay will ensure that the parties, and the Court, do not waste resources litigating a motion that could be ***mooted*** by the Federal Circuit's decision. The Federal Circuit will review this Court's § 101 ineligibility decision *de novo*. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). If the Federal Circuit determines that this Court erred in finding the asserted claims patent-ineligible, it will vacate the judgment, and remand for trial. Similarly, if the Federal Circuit concludes that this Court erred in declining to convert Defendants' Rule 12(c) motion to a summary judgment motion, or erred in declining to consider the Declaration of Dr. Russ, the Federal Circuit will vacate the judgment, and remand for further proceedings. If any of this occurs, Defendants' fees motion will be ***mooted***, because Defendants will no longer be a "prevailing party" under 35 U.S.C. § 285, and there will no longer be a "judgment" under Fed. R. Civ P. 52(d)(2)(B)(i).

Since there is a significant chance that Defendants' Motion will be ***mooted*** by the Federal Circuit's decision, there is no reason to expend resources litigating that motion now. Any such resources would be wasted if the Federal Circuit ultimately vacates the judgment. *See Sprint*, 201 F. Supp. 3d at 566 ("the Federal Circuit could reverse . . . thereby mooting the fees motion.")

*Second*, even if the Federal Circuit does not reverse the judgment, its opinion could require the Court to reconsider an earlier "exceptional case" decision. Defendants' Motion asserts that it was "objectively unreasonable" for PersonalWeb to believe that its patents were patent-eligible under § 101. D.I. 90-4 at 19-21. PersonalWeb does not understand how it could be "objectively unreasonable" for it to believe that its duly-issued patents satisfied the most basic requirement for patentability. Nonetheless, assume *arguendo* that this Court accepts Defendants' argument, and finds this to be an "exceptional" case. But then, on appeal, the Federal Circuit affirms yet indicates – through its opinion – that this was a "close case," such that it was not "objectively unreasonable" for

1  PersonalWeb to believe that its patents satisfied § 101. If that occurs, this Court would almost
2  certainly have to revisit its earlier conclusion of "exceptionality."[2] That would waste resources, by
3  requiring a second round of litigation on the "exceptional case" issues.
4      In short: the only way to ensure that the parties and Court do not waste resources litigating a
5  fees motion that could be mooted, or substantially changed, by the Federal Circuit's decision is to
6  defer ruling on it until the appeal is over. Thus, a stay should be granted, to avoid waste.
7      If a stay is not granted, the amount of waste could be significant. There are still two briefs
8  outstanding on the issue of "exceptional case:" PersonalWeb's opposition brief, and Defendants'
9  reply brief. Preparing these briefs will require significant amounts of attorney time. The Court will
10 then have to review the briefs, (possibly) conduct oral argument, and prepare a ruling. Then, if the
11 Court rules in favor of Defendants, there will be another round of briefing on the proper *amount* of
12 fees. Defendants have admitted that "[t]he appropriate amount of attorneys' fees [will be] a complex
13 and fact-intensive determination." D.I. 86 at 1. Defendants have indicated they will seek *eight*
14 *years'* worth of attorney's fees from PersonalWeb, including all of their fees incurred in the various
15 IPRs, and their fees incurred at the Federal Circuit.. D.I. 90-4 at 22-23. This will undoubtedly run
16 into the millions of dollars. It will take an exceptional amount of work by the parties and the Court
17 to prepare, review, and rule on Defendants' fee amount submissions. All of this work will be *wasted*
18 if the Federal Circuit reverses the judgment on appeal. This strongly counsels in favor of a stay.[3]

**B.   A Stay Would Give this Court the Benefit of the Federal Circuit's Decision**

20   Second, a stay would benefit the Court by allowing it to review the Federal Circuit's
21 decision before deciding whether this was an "exceptional case." Whether a case is "exceptional"
22 under § 285 turns on, *inter alia*, "the substantive strength of [the losing] party's litigating position."

---

[2] *See Auto. Techs,* 2011 WL 13209069, at *3 (granting stay because, *inter alia*, "any subsequent departure from this court's holding by the Federal Circuit in its review of the merits case will likely require reconsideration of the attorney fees issue"); *CleanTech*, 2018 WL 1469001, *7 (granting stay because, *inter alia*, "any appellate ruling other than a complete affirmance . . . will impact the attorneys' fees issues, requiring the Court and the parties to revisit the issues anew post-appeal.")

[3] *Carnegie Mellon*, 2013 WL 3245199 at * 2 (where prevailing party sought $17.2 Million in fees, staying fees proceedings until after the appeal, because it was "premature to decide the contested issues of attorney fees and to undertake the exceptional task of reviewing the calculations of same.")

1  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1755-56 (2014).

2  As numerous courts have noted, even if the Federal Circuit does not reverse a district court's
3  judgment, its opinion may shed light on the "substantive strength" of the losing party's litigating
4  position. *Sprint*, 201 F. Supp. 3d at 566 (staying fees motion because, *inter alia,* "the Federal Circuit
5  could affirm, [but] indicate—perhaps indirectly through what it writes—that this is a close case,"
6  and thus not "exceptional"); *Auto. Techs.*, 2011 WL 13209069, at *3 (staying fees motion because,
7  *inter alia*, "whether the case is exceptional—will be informed by the appellate outcome"); *Pacing
8  Techs.,* 2014 WL 2872219 (staying fees motion because, *inter alia,* "it is apparent that the appellate
9  court's decision could have an impact on this Court's determination of whether this is an
10 'exceptional' case.") Here, even if the Federal Circuit does not reverse this Court's judgment, its
11 opinion could shed light on the "substantive strength" of PersonalWeb's litigation positions,
12 including its position that the asserted patent claims are patent-eligible under Section 101.

13 Accordingly, this Court should stay the "exceptional case" determination, so that it can take
14 the Federal Circuit's opinion into account in making that determination.

### C. Fairness Dictates that PersonalWeb's Stay Be Granted

Defendants previously sought, and obtained, a ***five and one-half year stay*** of this case, while
the USPTO and the Federal Circuit conducted IPR proceedings. Given this, Defendants cannot
credibly claim "prejudice" if one small aspect of this case – their motion for attorney's fees – is
stayed for the duration of a Federal Circuit appeal. According to Federal Circuit statistics, the
median time to decision at the Federal Circuit in Fiscal Year 2019 was 15 months.[4] That is a small
fraction of the 66-month stay that Defendants previously obtained. It simply cannot be that a 66-
month stay is proper when it *benefits* Defendants, but a far shorter stay (15 months) is improper
when it *slightly inconveniences* them. Having previously sought a much longer stay, Defendants
cannot credibly claim "prejudice" – especially when judicial economy so clearly favors a stay.

### V. CONCLUSION

For the foregoing reasons, PersonalWeb's Motion should be granted.

---

[4] http://www.cafc.uscourts.gov/sites/default/files/thecourt/statistics/06_Med_Disp_Time_Chart_Final.pdf

DATED:  March 23 ,2020         GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By:   */s/ Lawrence M. Hadley*
     LAWRENCE M. HADLEY
     STEPHEN E. UNDERWOOD
   Attorneys for Plaintiff
     PERSONAL WEB TECHNOLOGIES, LLC