UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONAL WEB TECHNOLOGIES, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EMC CORPORATION, et al.,<br><br>    Defendants. | Case No. 5:13-cv-01358-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STAY PENDING FEDERAL CIRCUIT APPEAL**<br><br>Re: Dkt. No. 93 |

Plaintiffs PersonalWeb Technologies and Level 3 Communications LLC have filed a motion to stay the determination of Defendants EMC Corporation and VMware, Inc.'s motion for attorneys' fees and costs pending the resolution of Plaintiffs' appeal. Having considered the Parties' briefs, the Court **DENIES** Plaintiffs' motion for a stay pending the Federal Circuit appeal.

**I.    BACKGROUND**

Plaintiffs first filed this case in the Eastern District of Texas on December 8, 2011 and asserted eight patents against Defendants. The case was transferred to this District on August 8, 2013. Dkt. No. 3. On January 13, 2014, this Court granted Defendants motion to stay the case pending *inter partes* review ("IPR"). Dkt. No. 41. Defendants successfully challenged the asserted claims in six[1] of the eight claimed patents in IPR proceedings, which the Federal Circuit summarily affirmed. Dkt. Nos. 61, 66. Plaintiffs subsequently dismissed with prejudice the

---

[1] Specifically, U.S. Patent No. 5,978,791 ("the '791 patent"), Patent No. 6,415,280 ("the '280 patent"), Patent No. 7,945,544 ("the '544 patent"), Patent No. 7,945,539 ("the '539 patent"), Patent No. 7,949,662 ("the '662 patent"), and Patent No. 8,001,096 ("the '096 patent"). Dkt. No. 66.

Case No.: 5:13-cv-01358-EJD
ORDER DENYING PLAINTIFFS' MOTION TO STAY PENDING FEDERAL CIRCUIT APPEAL

1

seventh patent after the U.S. Patent and Trademark Office ("PTO") invalidated certain claims during a reexamination proceeding. *See* Dkt. No. 68. On November 22, 2019, Defendants moved for judgment on the pleadings on the final remaining patent, U.S. Patent No. 7,802,310 ("the '310 patent"). Dkt. No. 78. On January 29, 2020, this Court granted Defendants' motion and entered judgment for Defendants. Dkt. Nos. 83, 84. Plaintiffs have appealed that order. Dkt. No. 89.

After the Court entered judgment, the Parties filed a joint stipulation, which set forth a briefing schedule for Defendants' motion for attorneys' fees. Dkt. Nos. 85, 86. Defendants filed their motion for attorneys' fees on March 11, 2020 (pursuant to the briefing schedule). Dkt. Nos. 90, 91. Plaintiffs' opposition is due on April 22, 2020. Dkt. No. 86. Rather than following the stipulated briefing schedule, Plaintiffs informed Defendants that they would seek a "stay" of all briefing on attorney fees until after their appeal is completed. On March 23, 2020, Plaintiffs filed their motion to stay. Personal Web's L.R. 6-3 Motion to Extend Its Time to File an Opposition to Defendants' Attorney's Fees Motion ("Mot."), Dkt. No. 93. Defendants filed an opposition on March 27, 2020. Defendants' Opposition to PersonalWeb's Motion for Stay ("Opp."), Dkt. No. 94.

## II. DISCUSSION

If an appeal on the merits of a case is taken, courts have discretion to defer the determination of fees while an appeal is pending. Fed. R. Civ. P. 54(d) advisory committee's notes to 1993 amendment. However, "the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Sports Dimension v. Coleman Co., Inc.*, 2015 WL 10013784, at *3 n.1 (C.D. Cal. June 4, 2015) (quotation marks and citation omitted). Courts consider four factors to determine whether to stay awarding attorneys' fees and costs pending appeal: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4)

"where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Emblaze Ltd. v. Apple, Inc.*, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015) (applying factors to determine whether to stay taxation of costs pending appeal and noting that "[i]n considering these factors, courts in this district have repeatedly denied requests to stay taxation of costs"). A plaintiff need not satisfy all four factors.

Plaintiffs fail to show that the Court should stay its determination of attorneys' fees and costs pending appeal.[2] The *Hilton* factors weigh in favor of following the weight of the authority that attorneys' fees should be determined without delay. *See e.g.*, *Sports Techs. Corp. v. Nobel Biocare USA LLC*, 2018 WL 606149, at *2 (C.D. Cal. Aug. 13, 2018). First, Plaintiffs have made *no* showing that they are likely to succeed on appeal other than to say "there is a significant chance that Defendants' Motion will be mooted by the Federal Circuit." Mot. at 3. Plaintiffs have thus failed to make a "strong showing" that they are likely to succeed on the merits. *Cf. Leiva-Perez v. Holder*, 640 F.3d 962, 966–68 (9th Cir. 2011) (noting that while this factor does not require a movant to show it is "more likely than not" to succeed on appeal, the movant must show, at a minimum, that she has a "substantial case" for relief on the merits). Accordingly, this first factor supports Defendants.

Second, Plaintiffs do not contend how *they* will be irreparably harmed absent a stay. Instead, Plaintiffs focus on how the Court will be inconvenienced and harmed absent a stay. *See* Mot. at 3–4 (arguing the Court could waste time and money by not staying Defendants' motion for attorneys' fees). The closest Plaintiffs get to meeting this factor is to say that they will have to waste time and money litigating a motion that could be mooted by an appellate decision. *Id.* at 3. Plaintiffs, however, have not introduced evidence indicating that such waste will cause <u>irreparable</u> harm. For instance, Plaintiffs have neither argued that they have limited financial resources such that ligating attorneys' fees would result in bankruptcy nor that the costs of litigation would be

---

[2] Plaintiffs do not structure their brief around the *Hilton* factors. In fact, Plaintiffs do not even cite the *Hilton* standard. The Court thus attempts to match arguments to the various factors.

Case No.: 5:13-cv-01358-EJD
ORDER DENYING PLAINTIFFS' MOTION TO STAY PENDING FEDERAL CIRCUIT APPEAL

3

"overwhelming." *See Glauser v. GroupMe, Inc.*, 2015 WL 2157342, at *2–*3 (N.D. Cal. May 7, 2015). Accordingly, this second factor supports Defendants.

Third, while there is no evidence that other parties will be injured by a stay, Defendants have indicated that they may be prejudiced by a stay because it may jeopardize Defendants' ability to recover fees. Opp. at 4. The Court, however, does not know the status of Plaintiffs' financial health and so it cannot definitively determine whether Defendants (or other parties) would be injured by a stay. Plaintiffs argue that no other party will be prejudiced by a stay and that fairness dictates that this Court grant the motion to stay since the Court stayed the case pending IPR proceedings. Mot. at 5. But, that stay was warranted because the instituted IPRs were (by definition) likely to succeed. *See* 35 U.S.C. § 314(a). Here, by contrast, Plaintiffs have not shown they are likely to succeed. Accordingly, while this third factor supports Plaintiffs, it has little weight.

Fourth, public policy considerations weigh in favor of denying a stay. Plaintiffs argue that the public interest is best served by the Court conserving judicial resources and not engaging in an analysis that may be unnecessary. Mot. at 3–5. The Court disagrees. First, only a small portion of the fee request has to do with the portion of the matter on appeal. The fees motion covers all eight asserted patents; the appeal covers just one patent. Opp. at 4. Further, "judicial economy is better served by determining attorneys' fees promptly and when the Federal Circuit has the opportunity to consider any appeal of the calculation at the same time as the appeal on the merits." *Spitz Techs. Corp.*, 2018 WL 6016149, at *2; *see also* Fed. R. Civ. P. 54(d) advisory committee's notes to 1993 amendment. And, in the event the Federal Circuit affirms, a stay will further delay an already seven-years-old case. *See BIAX Corp. v. NVIDIA Corp.,* 2012 WL 1949002*,* at *2 (D. Colo. May 30, 2012). Lastly, there is a public interest in holding parties to their stipulations. Both this Court and Defendants have relied on Plaintiffs' stipulation that it would brief the issue of attorneys' fees *before* the appeal. Accordingly, this factor favors Defendants.[3]

---

[3] Plaintiffs cite caselaw where courts granted a stay. Many of those cases involved cross-appeals

Case No.: 5:13-cv-01358-EJD
ORDER DENYING PLAINTIFFS' MOTION TO STAY PENDING FEDERAL CIRCUIT APPEAL

4

### III. CONCLUSION

Because three out of the four factors weigh in favor of denying the stay, the stay is **DENIED.**

**IT IS SO ORDERED.**

Dated: April 1, 2020

EDWARD J. DAVILA
United States District Judge

---

or appeals based on multiple grounds, which is not the case here. *See* Opp. at 5 n.2. The Court thus finds these cases unpersuasive.