UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES LLC, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>EMC CORPORATION, et al.,<br><br>            Defendants. | Case No. 5:13-cv-01358-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 91 |

Before the Court is Defendants EMC Corporation and VMWare, Inc.'s motion for attorneys' fees against Plaintiff PersonalWeb Technologies LLC. Defendants argue that is an "exceptional case" within the meaning of 35 U.S.C. § 285. After considering the Parties' papers, the Court disagrees and **DENIES** Defendants' motion for attorneys' fees.[1]

## I.   BACKGROUND

Plaintiff owns a family of patents (the "True Name" patents) that claim methods for reliably identifying, locating, and processing data in a computer network. The Parties dispute most of the facts—they disagree as to why Plaintiff was formed, why Plaintiff filed suit in Texas, and why Plaintiff litigated this case. Most of these disputes are not relevant to the question at hand (*i.e.*, whether this is an "exceptional case"). The Court thus focuses only the relevant disputes.

Defendants first argue that Plaintiff was created to "weaponize the true name patents." According to Defendants, Plaintiff's parent company, Brilliant, controls the True Name patents and has (for the last two decades) used these patents as weapons to extract litigation settlements. Brilliant allegedly formed Plaintiff as a Texas-based subsidiary and transferred the True Name

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found this motion suitable for consideration without oral argument. *See* Dkt. 100.

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
1

patents to Plaintiff, with the intent to (1) sue storage and cloud-computing companies in (2) the Eastern District of Texas. In an attempt to obscure its "real purpose," Plaintiff went on a hiring spree and pretended to develop a product called "StudyPods," which is an "educational social networking product" for university and college students. In reality, this product never sold. Plaintiff's only source of revenue is litigation-based patent licensing. Indeed, according to Defendants, before Plaintiff initiated its suit against Defendants, Plaintiff required its employees to purge huge swaths of emails. This resulted in monetary sanctions. Plaintiff disputes this characterization and notes that courts have found Plaintiff to be "a legitimate company operating a legitimate business in East Texas."

On December 8, 2011, Plaintiff filed a complaint against Defendants, alleging that Defendants infringed eight True Name patents (the '791, '280, '544, '539, '662, '096, '310 and '442 patents). Plaintiff filed the action in the Eastern District of Texas, which Defendants allege was done to drive up litigation costs. Ultimately, Defendants successfully transferred the case to California, but not before having to incur "significant expense." Plaintiff argues that it filed the case in Texas to save resources, since it filed actions against multiple defendants, and this was the most convenient forum overall.

After the action was transferred to this Court, Defendants filed petitions with the Patent Trial and Appeal Board ("PTAB") requesting *inter partes* review ("IPR") of six of the asserted patents (the '791, '280, '544, '539, '662, and '096 patents). The PTAB instituted IPR proceedings. Thereafter, Defendants served their invalidity contentions and prior art references on Plaintiff to show that the True Name Patents were invalid. Plaintiff refused to (1) consent to a stay of the district court case pending the IPR proceedings and (2) terminate the suit. Again, Defendants had to incur the costs of bringing motions before the Court to stay the case. The Court agreed with Defendants and stayed the case pending IPR proceedings. On May 15, 2014, the PTAB invalidated all challenged claims of all six patents in the IPR petitions brought by Defendants, on every instituted ground of invalidity. This was affirmed by the Federal Circuit. The case remained stayed before this Court pending IPR brought by Apple Inc., covering all

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
2

asserted claims of the '310 patent. The PTAB twice determined that the asserted claims of the '310 patent were unpatentable. However, the Federal Circuit reversed on the narrow ground that the particular prior art at issue did not sufficiently disclose comparing the content-based identifier to a plurality of identifiers (as opposed to a single identifier) for purposes of authorization. *See PersonalWeb Techs., LLC v. Apple, Inc.*, 917 F.3d 1376, 1382–83 (Fed. Cir. 2019).

After the Federal Circuit's decision, on June 24, 2019, this Court lifted the stay and the litigation resumed for the two remaining patents: the '310 and '442 patents. *See* Dkt. 62. Plaintiff dismissed with prejudice the '442 patent from the action but continued to pursue its claims on the '310 patent. On November 22, 2019, Defendants moved for judgment on the pleadings on the '310 patent, arguing that judgment was warranted because the asserted claims were drawn on non-patentable subject matter under 35 U.S.C. § 101. Ultimately, the Court agreed and held the '310 patent invalid on Section 101 grounds.

Defendants argue, based on this history, that they are entitled to prevailing party attorneys' fees. *See* Motion for Attorneys' Fees ("Mot."), Dkt. 91; *see also* Reply re Motion for Attorneys' Fees ("Reply"), Dkt. 99. Plaintiff's oppose Defendants' motion. PersonalWeb's Opposition to Defendants' Motion for Attorneys' Fees ("Opp."). The Parties agreed to two-step briefing schedule—the only issue before the Court is whether Plaintiff's are liable for fees under 35 U.S.C. § 285.

**II.    LEGAL STANDARD**

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts consider "the totality of the circumstances" when deciding whether a case is "exceptional." *Id.* In making the determination, courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
3

particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quotation marks and citation omitted). Under this test, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555.

Courts do not award attorney's fees as "a penalty for failure to win a patent infringement suit." *Id.* at 548 (quotation marks and citation omitted). "The legislative purpose behind § 285 is to prevent a party from suffering a 'gross injustice,'" not to punish a party for losing. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017); *see also Vasudevan Software, Inc. v. Microstrategy, Inc.*, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015) ("[O]ther courts in this district have suggested that merely taking an aggressive stance while positing stretched or unsuccessful infringement theories does not, without more, warrant fee-shifting."); *TransPerfect Global, Inc. v. MotionPoint Corp.*, 2014 WL 6068384, at *8 (N.D. Cal. Nov. 13, 2014) (finding "frivolous arguments" and other missteps, only some of which were inadvertent, too minor to justify a fee award); *Kreative Power, LLC v. Monoprice, Inc.*, 2015 WL 1967289, at *5 (N.D. Cal. Apr. 30, 2015).

### III.   DISCUSSION

Defendants argue that Plaintiff used both unreasonable litigation tactics and that Plaintiff's case lacked "substantive strength." Mot. at 17. The Court addresses each argument in turn.

#### A.  Manner of Litigation

Defendants first argue that Plaintiff used "unreasonable" and improper litigation tactics. Mot. at 17. Defendants maintain that attorneys' fees are proper here because Plaintiff routinely litigated in a way that unreasonably maximized Defendants' costs of defense. *Id.* Defendants use eight examples to prove their argument: (1) Plaintiff was a "phony company" established in Tyler, Texas that was created to establish ties in a favorable forum to litigate infringements of the True Name patents; (2) Plaintiff deleted emails that it was under a duty to preserve; (3) Plaintiff failed to join a co-owner of the asserted patents, Level 3, and required Defendants to expend money on motion practice due to lack of standing; (4) Plaintiff opposed Defendants' motion to transfer to

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4

this district even though Brilliant, the prior owner of the True Names patents, had previously said being required to litigate outside California would cause "substantial hardship and burden" due to the strong ties of all the parties, the patents, and the evidence to California; (5) Plaintiff refused to consent to a stay pending IPR proceedings, which forced Defendants to litigate the stay; (6) Plaintiff attempted to delay the conclusion of the IPR proceedings by filing the same broad evidentiary objections in all six trials, which caused the PTAB to threaten Plaintiff with sanctions; (7) Plaintiff opposed a stay of discovery pending resolution of Defendants' motion for judgment on the pleadings for the '310 patent; and (8) Plaintiff brought the same weak claims against more than fifty companies in disparate industries in different jurisdictions. Mot. at 18. Neither example is persuasive.

The purpose of Section 285, unlike that of Federal Rule of Civil Procedure 11, is "not to control the local bar's litigation practices . . . [it] is remedial and for the purpose of compensating the prevailing party for the costs it incurred in the prosecution or defense of a case where it would be grossly unjust, based on the baselessness of the suit or because of the litigation or Patent Office misconduct, to require it to bear its own costs." *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1309 n.1 (Fed. Cir. 2012), *vacated on other grounds by*, 572 U.S. 559 (2014); *see also Octane*, 572 U.S. at 555 ("[S]anctionable conduct is not the appropriate benchmark.").

While *Octane* liberalized the standard for fee shifting, it also confined the liberalized standard to "rare" and "extreme" cases involving unreasonable conduct. *See* 572 U.S. at 555. Indeed, post-*Octane* decisions awarding fees have generally relied on egregious behavior. *See, e.g. Location Based Servs., LLC v. Niantic, Inc.*, 2018 WL 7569160, at *3 (N.D. Cal. Feb. 16, 2018) (requiring "shenanigan-filled" cases that they stand out from the rest); *Intellect Wireless, Inc. v. Sharp Corp.*, 2014 WL 2443871 (N.D.Ill. May 30, 2014) (awarding fees based on false declarations before the PTO, without which, the court concluded, the plaintiff would not have obtained the patents at issue); *Cognex Corp. v. Microscan Sys., Inc.,* No. 13–2027, 2014 WL 2989975 (S.D.N.Y. June 30, 2014) (granting motion for attorneys' fees for post-trial motions that re-litigated issues decided during trial); *Precision Links Inc. v. USA Products Group, Inc.* No. 08–

576, 2014 WL 2861759 (W.D.N.C. June 24, 2014) (awarding fees to the defendants for costs related to the plaintiff's preliminary injunction, which was based on a rejected theory of liability); *see also Network Prot. Sciences, LLC v. Fortinet, Inc.*, 2013 WL 4479336 (N.D. Cal. Aug. 20, 2013) (pre-*Octane* decision) (holding in abeyance a likely award of damages based on findings that the plaintiffs knew before filing the suit that they may not own the patent, manufactured venue in Texas via a sham corporate façade, asserted an unreasonable number of patent claims, sandbagged the defendant with newly-produced documents and infringement contentions, and "played fast and loose with the rules of being admitted to practice *pro hac vice*"). This is to say, something beyond "unnecessary" motion practice is necessary; the motion practice must be demonstrably frivolous or in bad faith. *See ReedHycalog UK, Ltd. v. Diamond Innovations Inc.*, 2010 WL 3238312, at *7 (E.D. Tex. Aug. 12, 2010) ("The Court is concerned by the repeated instances of litigation misconduct committed by Diamond Innovations, *particularly its attempt to conceal relevant and discoverable but damaging documents*." (emphasis added)).

At no point, or in aggregate, did Plaintiff's conduct rise to litigation misconduct. Defendants distort and take out of context Plaintiff's actions. *First*, the court in Texas already rejected Defendants' arguments that Plaintiff is an illegitimate entity. Indeed, the Eastern District Court found that "PersonalWeb is a legitimate company operating a legitimate business in East Texas." Dkt. 97-2. *Second*, Plaintiff has already been sanctioned for the deletion of emails. *See Octane*, 572 U.S. at 555 (sanctionable conduct is not the benchmark). Defendants have not shown a repeated instance of deletion or failure to engage in discovery. *Cf. ReedHycalog UK, Ltd.*, 2010 WL 3238312, at *7. *Third*, the failure to join Level 3 at the outset does not amount to "egregious" conduct. Moreover, as noted by Plaintiff, Defendants *never* asked Plaintiff to join Level 3 before litigating the issue. Defendants could have avoided that motion practice by attempting resolution with Plaintiff first. *Fourth*, venue in Texas was proper; the court transferred the case here based on *forum non conveniens* considerations. It was thus legally proper to bring suit in the Eastern District of Texas—the Texas court did not find that Plaintiff manufactured venue. Plaintiff will not be penalized for following the Federal Rules of Civil Procedure or for engaging in strategic

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
6

litigation.

*Fifth*, refusing to consent to a stay pending IPR does not qualify as "egregious" conduct, particularly in this case since at the time that Defendants sought IPR, there was scarce law on stays pending IPR.[2] *Sixth*, even while Plaintiff may have filed broad evidentiary objections without basis in the IPRs, simply engaging in obnoxious conduct is not sufficient. There is no showing that these objections hindered or delayed the IPRs such that they could provide a basis for "egregious" conduct. *Seventh*, opposing a discovery stay pending resolution of the Section 101 motion does not qualify as egregious conduct. Counsel is supposed to zealously defend its client's interests; engaging in discovery advances Plaintiff's case. Furthermore, at the time the stay was opposed, *neither* party knew the Court would grant Defendants' motion for judgment on the pleadings. *Finally*, the Court is unclear how the separate MDL proceedings affect Defendants or this case. Defendants do not explain how Plaintiff's *other* cases make this case unreasonable. If anything, Plaintiff's litigation of the patents suggests that Plaintiff was being reasonable in this case. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285.").

Accordingly, Plaintiff has not engaged in a manner of litigation that was unreasonable, questionable, or overly aggressive. The Court finds Plaintiff's litigation tactics to be done in a good-faith effort to advance its position.

### B. Substantive Strength of the Claims

Defendants next argue that fees should be awarded because Plaintiff's patent claims were "exceptionally weak on the merits." Mot. at 19–22. Defendants support their argument that

---

[2] Defendants rely on *Munchkin, Inc. v. Luv N' Care, Ltd.*, 2018 WL 7504404 (C.D. Cal. Dec. 27, 2018) to support their contention that failing to consent to a stay pending IPR is sufficient "egregious" conduct. The Court does not read *Munchkin* to say this. Rather, the court seemed to focus on the continued "all out litigation" during IPR and the court was troubled by the fact that the plaintiff attempted to avoid final judgment after all claims were invalidated by seeking dismissal under Federal Rule of Civil Procedure 41.

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
7

1    Plaintiff's claims were substantively weak by noting that: (1) all asserted claims in six of the eight
2    patents at issue were invalidated in the IPR process; (2) Plaintiff voluntarily dismissed (with
3    prejudice) the seventh asserted patent; and (3) this Court invalidated the eighth (and final) asserted
4    patent pursuant to 35 U.S.C. § 101. Mot. at 19. The Court disagrees.

"In *Octane Fitness*, the Supreme Court made clear that it is the 'substantive *strength* of the party's litigating position' that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position." *SFA Sys.*, 793 F.3d at 1348 (emphasis added) (quoting *Octane Fitness*, 572 U.S. at 554); *see also Location Based Servs., LLC*, 2018 WL 7569160, at *1 (noting that simply taking an aggressive litigation stance while advancing stretched or unsuccessful infringement theories does not warrant fee shifting). In determining whether a case is substantively weak, courts look for objective baselessness or frivolousness, not whether a patent originally allowed by a patent examiner was later invalidated. *Hockeyline, Inc. v. STATS LLC*, 2017 WL 1743022, at *3 (S.D.N.Y. Apr. 27, 2017*); Location Based Servs., LLC*, 2018 WL 7569160, at *2 ("As to the substantive strength (or weakness) of a party's litigation position, courts in this district tend to award fees when a plaintiff persists with a clearly untenable claim, or adduces no evidence in support of its position."). An objectively baseless or frivolous patent case is one "that no reasonable litigant could reasonably expect success on the merits." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013). Courts have found such objective baselessness when, for example, a plaintiff fails to conduct a proper prefiling investigation of its infringement claims or refuses to dismiss after receiving conclusive evidence of noninfringement in code or schematics. *See Yufa v. TSI Inc.*, 2014 WL 4071902, at *3–5, 8 (N.D. Cal. Aug. 14, 2014).

Defendants rely on *Munchkin, Inc.* to support their argument that IPR invalidation supports a finding of substantive weakness. The Federal Circuit just rejected this argument and reversed *Munchkin*. *See Munchkin, Inc. v. Luv n' Care, Ltd. (Munchkin II)*, 960 F.3d 1373 (Fed. Cir.

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
8

2020).³  There, the Federal Circuit noted "[t]hat [the plaintiff's] patent was ultimately held unpatentable does not alone translate to finding its defense of the patent unreasonable." *Id.* (citing *SFA Sys.*, 794 F.3d at 1348).  "[D]uly issued patents are presumed valid."  *See* 35 U.S.C. § 282(a); *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).  Hence, it was not unreasonable for Plaintiff to rely on the validity of the '791, '280, '544, '539, '662, and '096 patents.  Although the PTAB and the Federal Circuit ultimately determined the claims at issue to be invalid, Plaintiff's arguments were not frivolous.  The determination that prior art invalidated the six patents was undoubtedly a "close call."  The Federal Circuit confirmed this in *PersonalWeb Techs., LLC v. Apple, Inc.*, 917 F.3d at 1382, where it found that the *same* prior art did not invalidated the '310 patent.  Moreover, the True Name patents have been licensed dozens of time over a fifteen-year period, which demonstrates that others consider the patents to be valid.  Lastly, Plaintiff engaged in prefiling investigation (a fact which Defendants do not dispute).  Shortly after filing this case, Plaintiff provided extensive, detailed infringement claim charts comparing every limitation in the asserted claims against each accused product.  *Cf. Taurus IP*, 726 F.3d at 1327 (awarding attorney fees because the written description provided *no* support for the plaintiff's "unreasonably broad construction"); *Yufa*, 2014 WL 4071902, at *3–5, 8.

The Court likewise does not see how Plaintiff's voluntary decision to drop the '442 patent shows frivolous litigation.  If anything, this supports Plaintiff's argument that they only engaged in necessary litigation.

Lastly, Defendants' reliance on *My Health* to support its argument that an adverse Section 101 decision alone can warrant an exceptional case finding is misplaced.  Mot. at 21–22.  The *My Health* plaintiff claimed something that had "been declared ineligible *long before* [the plaintiff] filed its 2016 lawsuits."  *My Health, Inc. v. ALR Techs., Inc.*, 2017 WL 6512221, at *4 (E.D. Tex. Dec. 19, 2017) ("By the time [the plaintiff] filed its 2016 lawsuits, guidance from the Federal Circuit regarding claims in this category had mounted to a level that would give any litigant a

---

³ At the time of this Order, *Munchkin II* did not have page numbers.  For this reason, this Order does not provide pin cites.

Case No.: 5:13-cv-01358-EJD
ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
9

reasonably clear view of § 101's boundaries.".).  Thus, in *My Health*, there was no credible argument that the patent fell into one of the eligible exceptions defined by the Federal Circuit. *Id.* Moreover, the plaintiff had a history of settling with defendants, in a specific range, so as to "exploit[] the high cost to defend complex litigation to extract a nuisance value settlement." *Id.* at *5.

In contrast here, Plaintiff presented credible arguments (which the Court ultimately rejected) to show that their claims fit within eligible exceptions defined by the Federal Circuit. *See Location Based Servs.*, 2018 WL 7569160 at *2 ("The law under § 101 is developing and quickly changing, and the question of whether a patent is directed at an abstract idea or whether it discloses an innovative concept is not easy to answer."); *see also id.* at *3 (finding that the plaintiff presented good faith arguments for the patents' validities); *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2016 WL 5842187, at *3 (C.D. Cal. Oct. 5, 2016) ("Generally, where a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced exceptionally meritless claims." (citation and internal quotation marks omitted)). Thus, while the Court ultimately found the claims of the '310 patent to be directed to an abstract idea, without an inventive concept, the case was not "exceptionally meritless." *See Baggage Airline Guest Servs., Inc. v. Roadie, Inc.*, 2020 WL 757891, at *2 (D. Del. Feb. 14, 2020).

For these reasons, this case does not stand "out from others with respect to the substantive strength of a party's litigation position" and the Court finds that Plaintiff's case was not frivolous. *Octane Fitness*, 572 U.S. at 554; *Hockeyline*, 2017 WL 1743022, at *4.

### IV. CONCLUSION

Defendants have not shown that this is an "exceptional" case. *See Octane Fitness*, 572 U.S. at 554. The Court thus **DENIES** Defendants' motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated: July 6, 2020

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California